**COPY**

'ORIGINAL'

08 APR -2  PM 2: 08

RICH...

U.S...

1  RONALD M. ARLAS, ESQ. #59091
2  ARLAS & SMITHTON
   100 Wood Hollow Drive
3  Novato, CA 94945
   (415) 878-5390
4  Fax (415) 878-3595
   ron.arlas@greenpoint.com
5
6  EDWARD R. BUELL III, ESQ. #240494
   GREENPOINT MORTGAGE FUNDING, INC.
7  100 Wood Hollow Drive
   Novato, CA 94945
8  (415) 878-5390
   Fax (415) 878-3595
9  ted.buell@greenpoint.com
10
   Attorneys for Defendant
11 GREENPOINT MORTGAGE FUNDING, INC.

12                  UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14 RICK YU and SERLYN YU,                Case No. **C08  01771 PVT**
15        Plaintiff,
                                         Santa Clara Superior Court Case No: 108-CV-107327
16        vs.
                                         NOTICE OF REMOVAL
17 UTAH FINANCIAL, INC.,                 [28 U.S.C. §1446(d)]
   GREENPOINT MORTGAGE
18 FUNDING, INC., DAVID L. SMITH,
   WAYNE MORRISON, and DOES 1
19 through 20, inclusive,
20        Defendants.

21        To the Judges of the United States District Court for the Northern District of California:

22        The notice of removal of defendant GREENPOINT MORTGAGE FUNDING, INC.
23
24 ("GPM") respectfully shows as follows:

25        1.    On March 4, 2008, an action was commenced against defendant in the Superior Court
26 of California, County of Santa Clara, Case No. 108-CV-107327, entitled <u>RICK YU and SERLYN</u>
27
28

YU v. UTAH FINANCIAL, INC., GREENPOINT MORTGAGE FUNDING, INC., DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20.

2.    On March 6, 2008, GPM, through its registered agent for service of process, received by personal service a Summons and Complaint for the above-entitled case. Copies of all documents that have been received by GPM are attached hereto for the Court's reference.

3.    The above-described action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant GPM pursuant to the provisions of 28 U.S.C. §1441(b). Plaintiff's complaint arises under the Real Estate Settlement and Procedures Act ("RESPA") which is codified at 12 U.S.C §2601 *et seq.* This Court has Supplemental Jurisdiction over the remaining causes of action under 28 U.S.C §1367.

4.    Defendants UTAH FINANCIAL, INC., DAVID L. SMITH and WAYNE MORRISON join in and consent to the removal of this cause to the United States District Court for the Northern District of California, San Jose Division. The joinder and consent of each of the other defendants is represented by the signature attached hereto.

WHEREFORE, defendant GPM prays that the above action now pending against it in the Superior Court of California, County of Santa Clara, be removed therefrom to this Court.

Dated: April 2, 2008

EDWARD R. BUELL, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

///

///

///

///

- 2 -
NOTICE OF REMOVAL

10743269.tif - 4/2/2008 10:55:47 AM

## JOINDER AND CONSENT TO REMOVE

Dated: March 27, 2008

BRENDON CASSITY
President of In Pro Per Defendant
UTAH FINANCIAL, INC.

Dated: March 27, 2008

DAVID L. SMITH
In Pro Per Defendant

Dated: March 27, 2008

WAYNE MORRISON
In Pro Per Defendant

# ATTACHED ARE ALL MATERIALS
# THAT HAVE BEEN RECEIVED BY
# GREENPOINT MORTGAGE FUNDING, INC.
# TO DATE

# ATTACHMENTS

APR. 2.2008  9:58AM    GREENPOINT MORTGAGE_415-8783593    NO. 941    P. 8

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UTAH FINANCIAL, INC., a California Corporation,
GREENPOINT MORTGAGE FUNDING, INC., a California
corporation, DAVID L. SMITH, WAYNE MORRISON, and DOES
1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
RICK YU, SERLYN YU

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED**

2008 MAR -4 P 3 36

KIRI JUDGE CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA CALIFORNIA
BY _A. Ilas_
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street

San Jose, CA 95113

CASE NUMBER:
(Número del Caso): **V107327**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Summer J. Martin (SBN 254168)    408-299-1200    408-998-4895
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
DATE: **MAR 0 4 2008**    Clerk, by **A. Ilas**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]

1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Greenpoint Mortgage Funding, Inc.

   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1 | Perry J. Woodward, Esq. (SBN 183876)
2 | Mark W. Good, Esq. (SBN 218809)
  | Summer J. Martin, Esq. (SBN 254168) →
3 | TERRA LAW LLP.
  | 177 Park Avenue, Third Floor
4 | San Jose, California 95113
  | (408) 299-1200
5 | Attorneys for Plaintiffs
6 | Rick Yu and Serlyn Yu

**ENDORSED**

2008 MAR -4 P 3: 36

KIKI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY
**A Saltas**

7
8
9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
10 | SANTA CLARA COUNTY

**108CV107327**

11 | RICK YU, SERLYN YU,                        Case No.
12 |                          Plaintiffs,        COMPLAINT for:
13 | vs.                                         1) Breach of Fiduciary Duty;
14 | UTAH FINANCIAL, INC., a California          2) Negligent Misrepresentation:
   | corporation, GREENPOINT MORTGAGE
15 | FUNDING, INC., a California corporation,    3) Intentional Misrepresentation:
   | DAVID L. SMITH, WAYNE MORRISON,
16 | and DOES 1 through 20, inclusive,           4)  Violation of Real Estate Settlement
   |                                                 Procedures Act (RESPA);
17 |                          Defendants.
   |                                             5) Violation of Business and Professions
18 |                                                 Code section 17200, et seq.
19
20
21 | Plaintiffs, Rick Yu and Serlyn Yu allege as follows:
22 |                          General Allegations
23 |      1.    Plaintiffs Rick Yu and Serlyn Yu (hereinafter "Yu") are individuals residing in
24 | Santa Clara County, California.
25 |      2.    On information and belief, defendant Utah Financial, Inc. (hereinafter "Utah
26 | Financial") is a California corporation, registered as a Mortgage Banker with the Department of
27 | Corporations, and was the Mortgage Broker at all times referenced herein.
28 |      3.    On information and belief, defendant Wayne Morrison (hereinafter "Morrison")

#1151919                                    1

COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

1 | is an employee of Utah Financial, and is licensed with the Utah Department of Real Estate as a

2 | mortgage lender agent, license number 5555431-MLAF.

3 |     4.    On information and belief, defendant David L. Smith (hereinafter "Smith") is an

4 | employee of Utah Financial, and is licensed with the Utah Department of Real Estate as a

5 | mortgage lender agent, license number 5619662-MLAF.

6 |     5.    On information and belief, defendant GreenPoint Mortgage Funding, Inc.

7 | (hereinafter "GreenPoint") is a California corporation with its principal place of business in

8 | Novato, Marin County, California.

9 |     6.    Does 1 through 20, inclusive, are sued herein under fictitious names. The true

10 | names and capacities of Does 1 through 20 are unknown to Plaintiffs. When the names and

11 | capacities of said Doe defendants are ascertained, Plaintiffs will amend this complaint by

12 | inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon

13 | allege that each of the Doe defendants is responsible for the damages alleged herein.

14 |     7.    Plaintiffs are informed and believe, and thereon allege, that each of the

15 | Defendants, in conspiring and/or acting in concert with one another in committing the wrongful

16 | acts and violations of law complained of herein, is jointly and severally liable with one another

17 | to Plaintiffs.

18 |     8.    This action arises out of obligations entered into and to be performed in the

19 | County of Santa Clara, State of California.

20 |     9.    On or about March 2007, Yu received a solicitation in the mail from Utah

21 | Financial advertising a 4.125% fixed interest rate when customers refinanced their current

22 | home loans with Utah Financial.

23 |     10.    Plaintiffs sought to refinance two of their loans. One loan was for property

24 | located in San Jose, California with a principal balance of $ 485,000 and a fixed interest rate of

25 | 4.637% until December 1, 2009, when it would change to a variable interest rate. The second

26 | loan was for property located in Gilroy, California with a principal balance of $ 608,000 and a

27 | fixed interest rate of 4.125% until August 1, 2009, when it would change to a variable interest

28 | rate. Plaintiffs responded to Utah Financial's advertisement by telephone and were connected

1   to Smith, loan officer for Utah Financial.

2       11.    On information and belief, Smith works under the supervision of Morrison, and
3   at all times mentioned herein, Morrison was aware of and consented to the representations
4   made by Smith to Yu.

5       12.    Smith told Yu that he could not obtain the advertised fixed interest rate of
6   4.125%, but could obtain two loans with a 4.49% interest rate fixed for five years from
7   GreenPoint. Yu agreed to finance both the San Jose and Gilroy properties based on these
8   terms. At all times, Smith represented that Yu was obtaining two loans, each with a 4.49%
9   interest rate fixed for five years. Both loans were to be secured by deeds of trust on the
10  respective properties.

11      13.    On or about April 16, 2007, pursuant to instructions received by Smith, Yu
12  appeared at First American Title Company, located at 2990 East Capitol Expressway, Suite 40,
13  San Jose, California, to sign the purported loan documents with GreenPoint, for the Gilroy
14  property. During the signing of the loan documents, no person was available to explain the
15  documents or to answer any of Yu's questions. The only person present was the public notary.
16  Yu noticed the interest rate and payment amounts on the loan documents differed from the rate
17  discussed and telephoned Smith to question the different rates noted on the loan documents.
18  During that telephone conversation, Smith told Yu the loan documents were too difficult to
19  explain to Yu, but that Yu would be happy with the loans because Smith had the same loan
20  himself. Smith assured Yu that the loan terms were as previously discussed: to wit, a 4.49%
21  interest rate fixed for five years. Based on this representation, and the numerous past
22  representations, Yu signed the loan documents as directed.

23      14.    On or about April 19, 2007, Yu appeared at First American Title Company,
24  located at 2990 East Capitol Expressway, Suite 40, San Jose, California, to sign the purported
25  loan documents with GreenPoint for the San Jose property. Again, during the signing of the
26  loan documents no person was available to explain the documents or to answer any of Yu's
27  questions. Yu signed the loan documents as directed by Smith.

28      15.    Approximately ten days after closing, Yu received a letter from GreenPoint

#1151919                                    3
COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

10743269.tif - 4/2/2008 10:55:47 AM

1   detailing the loans. The letter stated that Yu was required to pay $ 1,792.65 per month on the

2   San Jose property loan, and that in order to avoid negative amortization, Yu should make a total

3   monthly payment of $3,723.92. The letter also stated that Yu was required to pay $1,955.57 per

4   month on the Gilroy property, and that in order to avoid negative amortization, Yu should make

5   a total montly payment of $4,218.43.

6          16.    Yu contacted GreenPoint and learned that he was in fact entered into two

7   negative amortization loans, which required an 8.5% interest rate: 4.5% due at monthly

8   payments and the remaining 4% adding to the principal balance each month.

9          17.    At closing, Utah Financial received $1,155.00 for a processing/admin fee, a

10  $150.00 appraisal fee, and a $16,368.75 "yield spread premium" on $485,000 refinanced for the

11  San Jose property, and a $23,560.00 "yield spread premium" on the $608,000 refinanced for the

12  Gilroy property.

13         18.    Yu immediately contacted Smith and Morrison to discuss why he was put into

14  negative amortization loans when he was always told he was only assuming two loans with a

15  fixed interest rate of 4.49% for five years. At no time was Yu told that an additional 4.01 % of

16  interest would add to their principal balance each month.

17         19.    Smith apologized and agreed to refinance both loans within sixty days to a

18  5.875% interest rate fixed for 7 years. In addition, Smith stated that Utah Financial would

19  assume the prepayment penalty and compounded negative amortization at no cost to Yu. On

20  information and belief, Morrison was aware of and agreed to the terms as represented by Smith.

21         20.    On or about August 16, 2007 Smith provided Yu with new loan applications in

22  order to refinance the current loans, Good Faith Estimates, and Truth in Lending Disclosure

23  Statements evidencing the alleged refinance. Yu signed and returned these loan documents to

24  Smith.

25         21.    Smith failed to refinance Yu's loans as agreed.

26         22.    At all times alleged herein, Yu had an above average and solid credit history, a

27  low debt to income ratio, and a credit rating score of between 780-805. Thus, there was no basis

28  for the type of loan Defendants prescribed for Yu.

#1151919                                                    4

COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

23.     As of the date of this Complaint, Yu has incurred significant financial loss due to these inappropriate loans. Interest in the approximate amount of $ 25,000.00 has been added to the principal of the Gilroy property loan. Interest in the approximate amount of $19,000.00 has been added to the principal of the San Jose property loan. In addition, as of the date of this Complaint, Yu faces prepayment penalties of approximately $ 21,885.35 on the Gilroy property loan and approximately $17,587.50 on the San Jose property loan. These prepayment penalty amount continue to increase overtime , as the total principal amount increases.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty)
### (Against Utah Financial, Inc., Smith, Morrison and Does 1 through 20, inclusive)

24.     Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint.

25.     Because Defendants were acting as Plaintiffs' agents and by reason of the relationship of trust and confidence which existed between Plaintiffs and Defendants, a fiduciary relationship at all times relevant hereto existed between Plaintiffs and Defendants.

26.     Defendants breached their fiduciary duties owed to Plaintiffs by, inter alia, engaging in the conduct and making the misrepresentations hereinabove alleged.

27.     As a proximate result of Defendants' breach of fiduciary duties owed to Plaintiffs, Plaintiffs have suffered damages as hereinabove alleged.

28.     In doing the acts herein alleged, Defendants, and each of them, acted maliciously because their acts were intended by Defendants to cause injury to Plaintiffs, and Defendants' conduct was despicable because it was carried out by Defendants with a willful and conscious disregard for the rights of Plaintiffs. Defendants' conduct was fraudulent because it involved intentional misrepresentation, deceit and concealment of material facts known by them, thereby depriving Plaintiffs of property, legal rights, and otherwise causing injury. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants according to proof.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

#1151919                                         5
COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

#### (Against Utah Financial, Inc., Smith, Morrison, and Does 1 through 20)

29.    Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint.

30.    The material representations made by Defendants hereinabove alleged were false, and made without reasonable grounds for believing the representations were true.

31.    The aforesaid representations were made with the intent to induce Plaintiffs to rely on them and Plaintiffs reasonably and justifiably relied on said representations.

32.    As a direct and proximate result of Defendants' representations, and Plaintiffs' reasonable and justifiable reliance thereon, Plaintiffs have suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Intentional Misrepresentation)

#### (Against Utah Financial, Inc., Smith, Morrison, and Does 1 through 20)

33.    Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint.

34.    The material representations made by Defendants hereinabove alleged were false, and made with either knowledge of their falsity or with reckless disregard for the truth of the representation.

35.    The aforesaid representations were made with the intent to induce Plaintiffs to rely on them and Plaintiffs reasonably and justifiably relied on said representations.

36.    As a direct and proximate result of Defendants' representations, and Plaintiffs' reasonable and justifiable reliance thereon, Plaintiffs have suffered damages in an amount to be proven at trial.

37.    In doing the acts herein alleged, Defendants, and each of them, acted

#1151919

6

COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

1   maliciously because their acts were intended by Defendants to cause injury to Plaintiffs, and

2   Defendants' conduct was despicable because it was carried out by Defendants with a willful and

3   conscious disregard for the rights of Plaintiffs. Defendants' conduct was fraudulent because it

4   involved intentional misrepresentation, deceit and concealment of material facts known by

5   them, thereby depriving Plaintiffs of property, legal rights, and otherwise causing injury.

6   Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants according to

7   proof.

8   WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

9                                   **FOURTH CAUSE OF ACTION**

10          **(Violation of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §§**
                                      **2601, et seq.)**
11                                  **(Against All Defendants)**

12          38.    Plaintiffs reallege and incorporate herein by reference each and every allegation

13   set forth in the foregoing paragraphs of this complaint.

14          39.    The loans that Plaintiffs obtained from Defendants as hereinabove alleged, are

15   "federally related mortgage loans" as defined under 12 U.S.C. § 2602(1), 24 C.F.R. § 3500.5

16   and 24 C.F.R. § 3500.2.

17          40.    Defendants violated RESPA by giving and receiving a fee or kickback, in the

18   form of yield spread premiums, prohibited by 12 U.S.C. §§ 2607(a), in that the total

19   compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the

20   services actually performed.

21          41.    As a proximate result of Defendants' violation of RESPA, Plaintiffs have

22   suffered damages as hereinabove alleged.

23          42.    Plaintiffs are further entitled to recover a penalty as provided under 12 U.S.C. §

24   2610, as well as attorneys' fees and costs incurred herein.

25          WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

26   //

27   //

28
#1151919                                          7
COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

## FIFTH CAUSE OF ACTION

### (Violation of Business and Professions Code section 17200, et seq.)
### (Against All Defendants)

43.    Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint.

44.    Plaintiffs are informed and believe, and thereon allege, that Defendants have engaged in such conduct in the past and that they continue to engage in such conduct.

45.    Defendants' wrongful conduct as hereinabove alleged constitutes unlawful, unfair and/or fraudulent business acts and practices in violation of Business and Professions Code section 17200, et seq.

46.    No remedy at law lies for Defendants' continuing violation of said statute.

47.    As a direct and proximate result of Defendants' unlawful, unfair and/or fraudulent business acts and practices, as hereinabove alleged, Plaintiffs have suffered and will continue to suffer irreparable injury that cannot be remedied at law unless Defendants and their attorneys, officers, agents, employees, representatives, and all person acting in concert or participating with them, are restrained and enjoined from continuing with said conduct.

48.    Disgorgement of profits and restitution of monies wrongfully obtained by Defendants is appropriate herein pursuant to Business and Professions Code section 17200, et. seq.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

1.    For compensatory damages in the minimum amount of $ 83,472.85 according to proof;

2.    For exemplary or punitive damages according to proof;

3.    For prejudgment interest;

4.    For disgorgement by Defendants of payments, interest, and other monies received by said defendants;

COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

1    5.    For statutory penalties;

2    6.    For attorneys' fees;

3    7.    For costs of suit; and

4    8.    For such other and further relief as this Court may deem just and proper.

5

6    Dated: March 4, 2008              TERRA LAW LLP

7

8                        By: _____

9                           Summer J. Martin
                            Attorneys for Plaintiffs Rick and Serlyn Yu

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    #1151919               9
      COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENT MISREPRESENTATION, INTENTIONAL
    MISREPRESENTATION, VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT, VIOLATION OF
           BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE    ☐ LIMITED CASE<br>     (Amount demanded     (Amount demanded is $25,000<br>     exceeds $25,000)      or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Page 1 of 4

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

APR. 2. 2008 10:00AM    GREENPOINT MORTGAGE_415-8783593    NO. 941    P. 19

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

10743269.tif - 4/2/2008 10:55:47 AM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)*:

e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b.  Reservation of rights: ☐ Yes ☐ No

c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a.  ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 14a.

b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

10743269.tif - 4/2/2008 10:55:47 AM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

 c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
 a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
 b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
 ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
 a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

 b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
 Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached

10743269.tif - 4/2/2008 10:55:47 AM

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St, San Jose, CA 95113*

CASE NUMBER: 1 0 5 C V 1 0 7 3 2 7

## READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:** If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:**  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or beckyr@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.**

| | |
|---|---|
| Your Case Management Judge is: **Kevin J Murphy** | Department **22** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JUL 2 9 2008**  Time: **3:00 PM**  in Department **22**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____  Time: _____  in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*When are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

CV-5003 REV 6/06

10743269.tif - 4/2/2008 10:55:47 AM

<     Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

          Arbitration may be appropriate when:
- <     The action is for personal injury, property damage, or breach of contract
- <     Only monetary damages are sought
- <     Witness testimony, under oath, is desired
- <     An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<     Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

          Neutral evaluation may be appropriate when:
- <     The parties are far apart in their view of the law or value of the case
- <     The case involves a technical issue in which the evaluator has expertise
- <     Case planning assistance would be helpful and would save legal fees and costs
- <     The parties are interested in an injunction, consent decree, or other form of equitable relief

<     Special masters and referees are neutral parties who may be appointed by the court to obtain information, or to make specific fact findings that may lead to a resolution of a dispute.

          Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<     Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

          Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

          Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

          Contact:
          Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
          ADR Administrator                           408-792-2704
          408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 5/06

APR. 2. 2008 10:01AM    GREENPOINT MORTGAGE_415-8783593    NO. 941    P. 25

## PROOF OF SERVICE

I declare that I am over the age of eighteen and not a party to the within entitled action. I am employed in the County of Marin, State of California. My business address is 100 Wood Hollow Drive, Novato, California 94945

On April 2, 2008, I caused a copy of NOTICE OF FILING REMOVAL to be served on all parties in said action, by delivering a true copy thereof in a sealed envelope addressed as follows:

Perry J. Woodward, Esq.
Mark W. Good, Esq.
Summer J. Martin, Esq.
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
*Attorney for Plaintiff*

Brendon Cassity
Utah Financial, Inc.
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per, Defendant Utah Financial, Inc.*

Wayne Morrison
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per*

David L. Smith
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per*

__X__ (BY MAIL) Being familiar with this firm's collection and processing of documents for deposit into the United States mail, I caused each envelope to be placed in the United States mail at Novato, California with FIRST CLASS postage thereupon fully prepaid.

____ (BY OVERNIGHT COURIER) I caused the envelope to be sent via _____.

____ (BY HAND) I caused each envelope to be delivered by hand.

____ (BY TELECOPIER) I caused each document to be electronically transmitted to the following number(s): _____.

____ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of April 2008, in Novato, CA.

Marcia Cambiano

- 1 -
PROOF OF SERVICE

10743269.tif - 4/2/2008 10:55:47 AM