RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL III, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH FINANCIAL, INC., GREENPOINT MORTGAGE FUNDING, INC., DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01771-RMW-PVT<br><br>[Assigned to Magistrate Patricia V. Trimball]<br><br>GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date:        May 13, 2008<br>Time:       10:00 a.m.<br>Courtroom: 5, 4th Floor |

TO THE PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD. PLEASE TAKE NOTICE that on Tuesday May 13, 2008 at 10:00 a.m., in Courtroom 5 of the above-entitled Court, located at 280 South First Street, San Jose, California 95113, defendant GREENPOINT MORTGAGE FUNDING, INC. ("GPM") will and hereby does move the Court for an order dismissing them from the Complaint of plaintiffs, RICK and SERLYN YU.

This motion is made pursuant to FRCP Rule 12(b)(6) to wit that the Complaint fails to state a claim upon which relief may be granted as against defendant GPM. In the alternative, GPM would

GREENPOINT MORTGAGE'S NOTICE OF MOTION
AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 1

C08-01771-RMW-PVT

request this Court for an Order for a More Definite Statement on Grounds that GPM is unable to determine how to respond to the Complaint in its current form.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Point and Authorities, and such other and further matters as may be presented in reply to any opposition filed and at the hearing of this motion.

Dated: April 3, 2008                                    ARLAS & SMITHTON

                                                                                                   /s/ Ronald M. Arlas
RONALD M. ARLAS, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

\Legal\PLEADING\Yu v. Utah Financial, GPM\Notice of Motion and Motion to Dismiss 4.08.doc

GREENPOINT MORTGAGE'S NOTICE OF MOTION
AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 2

C08-01771-RMW-PVT

RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL III, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH FINANCIAL, INC., GREENPOINT MORTGAGE FUNDING, INC., DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01771-RMW-PVT<br><br>[Assigned to Magistrate Patricia V. Trimball]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date:    May 13, 2008<br>Time:    10:00 a.m.<br>Courtroom:  5, 4th Floor |

## I. SUMMARY OF FACTS ALLEGED IN COMPLAINT

Plaintiffs Rick and Serlyn Yu ("Plaintiffs" or "Yu") filed a Complaint against defendants Utah Financial, Inc. ("UFI"), David L. Smith ("Smith"), Wayne Morrison ("Morrison"), collectively referred to as the "Broker", and GreenPoint Mortgage Funding, Inc. ("GPM"). The Complaint contains a total of five causes of action, all of which seek recovery based on alleged misconduct of defendants in funding two separate loans to plaintiff that were secured by two separate pieces of real

GREENPOINT MORTGAGE'S NOTICE OF MOTION
AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 1

C08-01771-RMW-PVT

property: (1) a loan in the principal amount of $485,000 that was secured by the Real Property located at 2846 Rainwood Court, San Jose, California ("San Jose Loan") and (2) a loan in the principal amount of $608,000 that was secured by the real property located at 8940 Calle del Rey, Gilroy, California (the "Gilroy Loan").

The first three causes of action in the complaint specifically do not apply to defendant GPM, so this Motion does not reference these causes of action. In the fourth and fifth causes of action Plaintiffs confusingly clump all four named defendants into one by using the term "Defendants." As a result, it is impossible to tell which allegations apply to which defendants. Furthermore, Plaintiffs provide no support for their contention that GPM has violated the Real Estate Settlement Procedures Act in the fourth cause of action or violated California Business and Professions Code ("B&P") §17200 in the fifth cause of action. Instead, Plaintiffs rely on conclusory statements throughout the 4th and 5th causes of action. In fact, Plaintiffs fail to allege a single charging allegation directly against GPM in the entire Complaint. Based on these unsupported conclusory statements, plaintiffs are seeking recovery against GPM.

## II. SUMMARY OF ARGUMENT

The first, second and third causes of action contained in the Complaint specifically exclude GPM and do not seek recovery against defendant GPM. Therefore, the first, second and third causes of action do not apply to GPM.

The fourth cause of action in the Complaint is against "all Defendants" for an alleged violation of RESPA. Plaintiffs broadly allege that Defendants violated RESPA by "giving and receiving a fee or kickback, in the form of a yield spread premium, prohibited by 12 U.S.C. §§2607(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint ¶40). This Statement is nothing more than a vague conclusionary allegation. Plaintiffs fail to provide any <u>factual</u> allegations to support

this conclusionary statement. Absent any specific <u>factual</u> allegations, plaintiffs have failed to state a claim upon which relief can be granted. Therefore, GPM should be dismissed pursuant to FRCP 12(b)(6).

The fifth cause of action in the Complaint is again against "all Defendants" for an alleged violation of California B&P §17200. The entire cause of action is based on the term "conduct." However, Plaintiffs fail to define the term or explain what conduct they are referring to. Furthermore, Plaintiffs again rely on the conclusory statement that the conduct of Defendants (whatever said conduct might be) was "wrongful." Absent any factual allegations, plaintiffs have failed to state a claim upon which relief can be granted. Therefore, GPM should be dismissed pursuant to FRCP 12(b)(6).

### III. LEGAL ARGUMENT

**A. PLAINTIFF HAS FAILED TO STATE ANY FACTUAL ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED IN THE FOURTH CAUSE OF ACTION FOR AN ALLEGED VIOLATION OF RESPA AGAINST GPM.**

The fourth cause of action seeks damages against GPM for an alleged violation of RESPA. Specifically, plaintiffs allege that Defendants violated RESPA by "giving and receiving a fee or kickback, in the form of a yield spread premium, prohibited by 12 U.S.C. §§2607(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint ¶40). The Complaint is devoid of any facts that support this conclusory statement.

Plaintiffs have relied on stating conclusions rather than specific factual allegations to support their claim against GPM. The Court in <u>Transphase Systems, Inc. v. Southern California Edison Co.</u>, (C.D.Cal. 1993) 839 F. Supp. 711, 718, held that "[a]lthough the Court must assume that the allegations in a plaintiff's complaint are true when considering defendants' motion to dismiss, <u>N.L. Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir.1986), the Court does not 'need to accept as

true conclusory allegations ... or unreasonable inferences.'" *Quoting* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:221 at page 9-41. As such, the Court does not need to accept as true, plaintiffs' broad statements that Defendants violated RESPA by "giving and receiving a fee or kickback" or that as a "result of Defendants' violation of RESPA, Plaintiffs have suffered damages as hereinabove alleged." (Complaint ¶40, 41). Absent these conclusory statements, the Complaint is completely devoid of any charging factual allegations against GPM. Consequently, GPM should be dismissed pursuant to FRCP 12(b)(6) as plaintiff has failed to state a claim upon which relief can be granted.

More importantly, Plaintiffs' provide no support for their conclusion that giving or receiving a Yield Spread Premium[1] ("YSP") is wrongful conduct. The only support provided is a citation to the statute and the fragment that "the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint ¶40). However, Courts have consistently rejected the claim that yield spread premiums are *per se* illegal[2]. The Courts have further held that a YSP may be stated as a lump sum, without specifying particular services provided by the mortgage broker. Consequently, GPM's payment of a YSP to UFI was not per se illegal and more importantly was permitted under 12 U.S.C. §2607(c)(2). Therefore, the YSP was not a fee or kickback in violation of RESPA.

Furthermore, it has been clearly established by the Courts that a payment from a lender to a broker as part of a loan transaction is not a per se violation of RESPA. The Court in <u>Byars v. SCME Mortgage Bankers, Inc.</u> (2003) 109 Cal.App.4th 1134, 1141 held that "The Real Estate Settlement Procedures Act of 1974 (RESPA), an act that seeks to protect real estate consumers 'from

---

[1] A YSP is a lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate. The YSP is paid by the lender outside of closing and is not paid by the borrower.

[2] *See, e.g.,* <u>Byars v. SCME Mortgage Bankers, Inc.</u>, 109 Cal. App. 4th 1134 (2003); <u>Heimmermann v. First Union Mortgage Corp.</u>, 305 F.3d 1257, 1264 (11th Cir. 2002), *cert. denied*, 539 U.S. 970 (2003); *see also* <u>Schuetz v. Banc One Mortgage Corp.</u>, 292 F.3d 1004 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 994 (2003); <u>Glover v. Standard Fed. Bank</u>, 283 F.3d 953 (8th Cir.), *cert. denied*, 123 S. Ct. 344 (2002); <u>Wint v. ABN AMRO Mortgage Group, Inc.</u>, 19 A.D.3d 588 (N.Y. 2005); <u>Johnson v. Matrix Fin. Servs. Corp.</u>, 820 N.E.2d 1094, 1001 (Ill. App. Ct. 2004).

unnecessarily high settlement charges caused by certain abusive practices' (12 U.S.C. §2601(a)), prohibits the payments of kickbacks or referral fees 'incident to or a part of a real estate settlement service.' (12 U.S.C. §2607(a), (b))." However, the Court in <u>Byars</u> went further to explain "RESPA **does not prohibit** 'the payment to any person of a bona fide … compensation or other payment for goods or facilities actually furnished or for services actually performed.' (12 U.S.C. §2607(c)(2))." (emphasis added).

The Complaint is completely devoid of any facts or allegations that the alleged fee or kickback was not for services actually performed. As a result, plaintiff has failed to show that the alleged "fee or kickback" was not allowed under 12 U.S.C. §2607(c)(2) and more importantly failed to state how it violated RESPA. Consequently, plaintiff has failed to plead facts sufficient to state a claim for a violation of 12 U.S.C. §2607 upon which relief can be granted.

Based on the foregoing, Plaintiffs' reliance on a single conclusory allegation that Defendants violated RESPA is clearly insufficient even under the Federal Courts "notice" pleading requirements. Furthermore, the YSP was both legal and clearly allowable under RESPA (12 U.S.C. §2607, *et seq.*). Consequently, plaintiff has failed to plead facts sufficient to state a claim under 12 U.S.C. §2607 upon which relief can be granted and GPM should therefore be dismissed pursuant to FRCP 12(b)(6).

B. **PLAINTIFF HAS FAILED TO STATE ANY FACTUAL ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED IN THE FIFTH CAUSE OF ACTION FOR AN ALLEGED VIOLATION OF CALIFORNIA B&P §17200 AGAINST GPM.**

The fifth cause of action in the Complaint is against "all Defendants" for a violation of California B&P §17200. The entire cause of action is devoid of a single factual allegation. Instead, Plaintiffs' rely on the conclusory statement that "Defendants' wrongful conduct as hereinabove alleged constitutes unlawful, unfair and/or fraudulent business acts and practices . . ." (Complaint ¶45). This statement, in and of itself is not sufficient to constitute a cause of action under B&P

§17200. Consequently, Plaintiff's have failed to plead facts sufficient to state a claim under B&P §17200 upon which relief can be granted and GPM should therefore be dismissed pursuant to FRCP 12(b)(6).

Furthermore, Plaintiffs continually use the term "conduct" without ever explaining what conduct they are referring to. As alleged, the fifth cause of action fails to provide GPM with even basic notice of the claims under which Plaintiffs are seeking recovery. As a result Plaintiffs have failed to plead facts sufficient to state a claim under B&P §17200 upon which relief can be granted and GPM should therefore be dismissed pursuant to FRCP 12(b)(6).

### C. SHOULD THE COURT DETERMINE THAT PLAINTIFFS' HAVE PLEAD FACTS SUFFICIENT TO CONSITUTE A CAUSE OF ACTION AGAINST GPM, DEFENDANT GPM MOVES IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT TO CLARIFY THE PLEADINGS.

In the event that the Court determines Plaintiffs have met their initial burden in pleading facts sufficient to state a claim in the fourth and fifth cause of action as against GPM, defendant GPM requests this Court to Order Plaintiffs to clarify the current Complaint in order to provide GPM with sufficient notice of their claims. As more fully discussed above, Plaintiffs rely on conclusory statements as well as vague, ambiguous and undefined terms in pleading the fourth and fifth cause of action. As a result, GPM is unable to determine how to respond to the Complaint in its current form.

///

///

///

///

///

///

///

///

///

### III. CONLCUSION

Based on the foregoing, plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted against GPM. The first, second and third causes of action are not applicable to GPM, and the fourth and fifth causes of action are completely devoid of any factual allegations that could sustain a cause of action under either 12 U.S.C. §2607 or California B&P §17200. As such, plaintiff has failed to state a claim upon which relief can be granted. Therefore, GPM respectfully request this Court to grant its Motion to Dismiss GPM pursuant to FRCP 12(b)(6) without leave to amend and in the alternative grant GPM's request for a More Definite Statement.

DATED: April 3, 2007                          ARLAS & SMITHTON

                                              /s/ Ronald M. Arlas
                                              RONALD M. ARLAS, ESQ.
                                              Attorney for Defendant
                                              GREENPOINT MORTGAGE FUNDING, INC.

\Legal\PLEADING\Yu v. Utah Financial, GPM\P&A re Motion to Dismiss 4.08.doc

```
 1  RONALD M. ARLAS, ESQ. #59091
    ARLAS & SMITHTON
 2  100 Wood Hollow Drive
    Novato, CA 94945
 3  (415) 878-5390
    Fax (415) 878-3595
 4  ron.arlas@greenpoint.com
 5
    EDWARD R. BUELL III, ESQ. #240494
 6  GREENPOINT MORTGAGE FUNDING, INC.
    100 Wood Hollow Drive
 7  Novato, CA 94945
    (415) 878-5390
 8  Fax (415) 878-3595
 9  ted.buell@greenpoint.com
10  Attorneys for Defendant
    GREENPOINT MORTGAGE FUNDING, INC.
11
```

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>    Plaintiff,<br><br>vs.<br><br>UTAH FINANCIAL, INC., GREENPOINT MORTGAGE FUNDING, INC., DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. C08-01771-RMW-PVT<br><br>[Assigned to Magistrate Patricia V. Trimball]<br><br>[PROPOSED] ORDER GRANTING GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date:    May 13, 2008<br>Time:    10:00 a.m.<br>Courtroom:    5, 4th Floor |

The motion of defendant GreenPoint Mortgage Funding, Inc. ("GPM") for an Order Dismissing the Complaint as to GPM or Alternatively for a More Definite Statement came on regularly for hearing by the court on May 13, 2008. Parties were represented by their respective counsel.

///

///

---

[PROPOSED] ORDER GREENPOINT MORTGAGE'S MOTION
TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] OR
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

Page 1

C08-01771-RMW-PVT

1 | On proof made to the satisfaction of the court that the motion ought to be granted,

2 | IT IS ORDERED that the motion be, and hereby is, granted and that the Complaint, as against GPM only, is hereby dismissed without leave to amend.

DATED: _____          _____
                                                         United States District Judge

Case 5:08-cv-01771-RMW    Document 3-3    Filed 04/04/2008    Page 2 of 2

[PROPOSED] ORDER GREENPOINT MORTGAGE'S MOTION
TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] OR
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 2                                                    C08-01771-RMW-PVT

**PROOF OF SERVICE**

I declare that I am over the age of eighteen and not a party to the within entitled action. I am employed in the County of Marin, State of California. My business address is 100 Wood Hollow Drive, Novato, California 94945

On April 4, 2008, I caused a copy of the GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT, the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT, and the [PROPOSED] ORDER GRANTING GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] OR ALTERNATIVELY FOR A MORE DEFINITE STATEMENT to be served on all parties in said action, by delivering a true copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__X__ (BY MAIL) Being familiar with this firm's collection and processing of documents for deposit into the United States mail, I caused each envelope to be placed in the United States mail at Novato, California with FIRST CLASS postage thereupon fully prepaid.

____ (BY OVERNIGHT COURIER) I caused the envelope to be sent via _____.

____ (BY HAND) I caused each envelope to be delivered by hand.

____ (BY TELECOPIER) I caused each document to be electronically transmitted to the following number(s): _____.

____ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of April 2008, in Novato, CA.

Marcia Cambiano

- 1 -
PROOF OF SERVICE

## SERVICE LIST

Perry J. Woodward, Esq.
Mark W. Good, Esq.
Summer J. Martin, Esq.
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
*Attorney for Plaintiff*

Wayne Morrison
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per*

Brendon Cassity
Utah Financial, Inc.
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per, Defendant Utah Financial, Inc.*

David L. Smith
189 East Fort Union Blvd.
Midvale, Utah 84047
*In Pro Per*