1  ADLESON, HESS & KELLY, APC
   Phillip M. Adleson, Esq. (CSB# 69957)
2  padleson@ahk-law.com
   Duane W. Shewaga, Esq. (CSB# 116837)
3  dshewaga@ahk-law.com
4  577 Salmar Avenue, Second Floor
   Campbell, California 95008
5  Telephone: (408) 341-0234
   Facsimile: (408) 341-0250
6
7  Attorneys for Defendants
   UTAH FINANCIAL, INC.
8  DAVID L. SMITH
   WAYNE MORRISON
9

10              **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                      **(San Jose Division)**

13

14 | RICK YU and SERLYN YU,                                  | Case No. C 08-01771 RMW
15 |         Plaintiffs,                                     |
   |                                                         | **DEFENDANTS UTAH FINANCIAL, INC.'S,
16 | vs.                                                     | DAVID L. SMITH'S AND WAYNE
   |                                                         | MORRISON'S NOTICE OF MOTION AND
17 | UTAH FINANCIAL, INC., erroneously sued                  | MOTION TO DISMISS PURSUANT TO
   | as a California corporation; GREENPOINT                 | RULE 12(b)(6) AND SUPPORTING POINTS
18 | MORTGAGE FUNDING, INC.; DAVID L.                        | & AUTHORITIES**
   | SMITH, WAYNE MORRISON, et al.,                          |
19 |         Defendants.                                     | Date:      May 30, 2008
   |                                                         | Time:      9:00 a.m.
20 |                                                         | Courtroom: 6 (4th floor)
   |                                                         | Judge:     Ronald M. Whyte
21

22 **TO:   PLAINTIFFS RICK YU AND SERLYN YU, AND THEIR ATTORNEYS OF RECORD:**

23     **NOTICE IS HEREBY GIVEN** that on May 30, 2008 at 9:00 a.m. defendants Utah

24 Financial Inc., a Utah corporation (erroneously sued herein as a California corporation),

25 David L. Smith and Wayne Morrison will bring their motion to dismiss plaintiffs' complaint or in

26 the alternative to dismiss plaintiffs' first, second, third, fourth and fifth causes of action

27 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or for a more definite

28 statement pursuant to Rule 12(e) as the plaintiffs fail to state facts to support their claims for

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No. C08-01771-RMW   Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss     Page 1

1  relief for the reasons set forth below. The motion will be heard before the Honorable Ronald
2  M. Whyte in Courtroom 6, Fourth Floor, United States District Court for the Northern District
3  of California, San Jose Division, located at 280 South First Street, San Jose, California.

4  **RELIEF SOUGHT:** Defendants Utah Financial Inc., David L. Smith and Wayne
5  Morrison seek an order to dismiss plaintiffs' complaint or in the alternative to dismiss
6  plaintiffs' first, second, third, fourth and fifth causes of action pursuant to Rule 12(b)(6) of the
7  Federal Rules of Civil Procedure as they fail to state claims for relief. Plaintiffs fail to allege
8  that they reasonably relied upon any alleged misrepresentation by defendants in connection
9  with arranging the subject loans, as plaintiffs admit in their pleadings that they read the loan
10 documents before signing, and signed the loan documents despite the alleged discrepancies
11 that they found. Further, plaintiffs cannot state any claim for relief based upon the yield-
12 spread premiums charged for the loans. The reasons in support of defendants' motion to
13 dismiss are more fully set forth in defendants' supporting memorandum of points and
14 authorities incorporated herein by reference. In the alternative, defendants request that the
15 court order plaintiffs to provide a more definite statement concerning their claims pursuant
16 Rule 12(e) of the FRCP.

18 Dated: April 15, 2008                    Respectfully submitted,
19                                          ADLESON, HESS & KELLY, APC

21                                          By:  */s/ Duane W. Shewaga*
22                                               PHILLIP M. ADLESON, ESQ.
                                                 DUANE W. SHEWAGA, ESQ.
                                                 Attorneys for Defendants
23                                               Utah Financial, Inc., David L. Smith,
                                                 and Wayne Morrison

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss    Page 2

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### I. STATEMENT OF ISSUES

The issue posed by defendants' motion is whether plaintiffs have alleged claims for relief for breach of fiduciary duty, negligent misrepresentation and intentional misrepresentation when the plaintiffs fail to allege that they reasonably relied upon any alleged misrepresentations by defendants concerning the terms of their loans. Plaintiffs admit that they read the loan papers before signing them, that they "noticed the interest rate and payment amounts on the loan documents differed from the rate discussed," and that they signed the loan documents anyway. (Compl. ¶ 13.)

Another issue posed by defendants' motion is whether plaintiffs allege a violation of the Real Estate Settlement Procedures Act ("RESPA") when courts have held that the payment of yield spread premiums are lawful and do not violate RESPA as a matter of law. Plaintiffs do not allege that services were not provided by the defendants, and plaintiffs do not make any specific factual allegations to show how the yield spread premiums paid were unreasonable.

### II. STATEMENT OF THE FACTS AND THE CASE

The facts set forth herein are based upon the allegations of the complaint and matters which the court can take judicial notice. Matters of public record may be considered in determining a motion to dismiss. (See *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986; *Mullis v. U.S. Bankruptcy Court For Dist. Of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948 (S.D. Cal., 1996).) Moreover, the court "need not accept as true facts which may be judicially noticed". (*Lato v. Sievermann*, 919 F.Supp. 336, 338 (C.D. Calif., 1996).)

Plaintiffs own two properties located in San Jose and in Gilroy. (Compl. ¶ 10.) They have had secured loans with a number of lenders over the last ten years, including Wells Fargo Bank, CitiBank West, Wachovia Mortgage, Virtual Bank, Chase Manhattan Bank, Downey Savings, Countrywide Home Loans, Americas Wholesale Lender, Bank of America,

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS & KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss    Page 3

CMG Mortgage, GE Capital, Golden Crown Mortgage, PCN Bank, and others. (Exh. B to Request for Judicial Notice.) Plaintiff Rick Yu is a licensed real estate salesperson. (Exh. C to Req. for Judicial Notice.)

In March 2007, plaintiffs contacted Utah Financial to refinance two of their loans secured by the properties. (Compl. ¶ 10.) On April 16, 2007, plaintiffs went to First American Title Company to sign off on the loans which Utah Financial had arranged with Greenpoint Mortgage. (Compl ¶ 12.) Plaintiffs read the loan documents and "noticed the interest rate and payment amounts on the loan documents differed" from the rates they believed they had discussed with Utah Financial. (Comp. ¶ 13.) Plaintiffs nevertheless signed the loan documents. (Id.) Plaintiffs do not dispute that they received two loans which together totaled $1,093,000.00. (Compl. ¶ 17.)

On March 4, 2008, plaintiffs filed their action alleging breach of fiduciary duty, fraud, violations of RESPA and unfair business practices in Santa Clara Superior Court alleging that, despite their experience in real estate financing and having read the loan documents, they were unaware that part of the interest rate charged for the loans was negatively amortized. (Exh. A to Request for Judicial Notice.) However, they also inconsistently allege that they noticed the discrepancies in the interest rate charged before they signed the loan documents. (Compl. ¶ 13.) They also allege that RESPA was somehow violated by the yield spread premiums paid by Greenpoint Mortgage to Utah Financial. (Compl. ¶ 40.)

### III. ARGUMENT

#### A. PLAINTIFFS FAIL TO ALLEGE A CLAIM FOR RELIEF UNDER RESPA.

Plaintiffs allege in their fourth cause of action entitled "Violation of Real Estate Settlement Procedures Act," incorporated into their fifth cause of action for unfair business practices, that "Defendants violated RESPA by giving and receiving a fee or kickback, in the form of yield spread premiums, prohibited by 12 U.S.C. §§ 2677(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Compl. ¶ 40.)

However, yield spread premiums are not per se illegal. (*Schuetz v. Bank One*

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS & KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss    Page 4

*Mortgage*, 292 F.3d 1004 (9th Cir. 2002, cert denied 123 S. Ct. 994 (2003)). "A yield spread premium, or 'YSP,' is a lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate." (*Byars v. SCME Mortgage Bankers* (2003) 109 Cal.App.4th 1134, 1141 quoting *Schuetz v. Banc One Mort. Corp.* (9th Cir. 2002) 292 F.3d 1004, 1007.) "RESPA does not prohibit 'the payment to any person of a bona fide … compensation or other payment for goods or facilities actually furnished or for services actually performed." (*Byars* supra at 1141.)

In *Geraci v. Homestreet Bank,* 347 F.3d 749 (9th Cir. 2003), the Ninth Circuit Court of Appeals affirmed judgment on the pleadings where plaintiffs' complaint alleged that the yield spread premium paid exceeded one-percent of the amount of the loan and was therefore excessive. However, the Ninth Circuit Court of Appeals found that the complaint was "without any specific supporting factual allegations" to establish that the yield spread premium charged was unreasonable. A conclusory allegation that the YSP paid was "excessive" was insufficient to allege illegality under RESPA.

Although the language of RESPA does not directly address whether the payment of a YSP is a violation of RESPA, HUD does not consider YSPs to be per se illegal. (*Geraci* at 751.) HUD's policy sets forth a two-part test to determine whether a YSP is reasonable or unreasonable under RESPA. (*Geraci* at 751.) Under this test, a court is to consider: (1) whether goods or facilities were actually furnished or services were actually performed for the compensation paid and if so, (2) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." (*Geraci* at 751.)

While plaintiffs in this case allege the amounts paid by Greenpoint Mortgage to Utah Financial, they do not allege that the total compensation paid Utah Financial "was not commensurate with the amount normally charged for similar services in similar transactions in similar markets." (*Byars* supra at 1142.) "Under the HUD test the burden is on plaintiffs to provide evidence that the broker's compensation was unreasonable." (*Dominguez v. Alliance Mortg. Co.*, 226 F. Supp. 2d 907, 914 (D. Ill. 2002).) Where "plaintiffs have not provided a

1  single credible piece of evidence tending to show that defendant's compensation deviated
2  from market norms," the court "must conclude that they were reasonable." (*Dominguez*,
3  supra at 914.)  Here, plaintiffs do not allege that defendants' "compensation deviated from
4  market norms."

5  There is also no allegation that Utah Financial did not provide services or that the
6  services provided by Utah Financial were only limited in nature.  To the contrary, it is at least
7  alleged that Utah Financial arranged the two loans with Greenpoint Mortgage, arranged an
8  appraisal for the properties, and set up the signing at First American Title.  (Compl. ¶¶ 10, 12,
9  13, 14 and 17.) There is also no allegation that Utah Financial did not handle or prepare the
10 loan application or the other loan documents.  As in the *Geraci* case, there are only
11 conclusory allegations that the yield spread premium paid was unlawful.

12 Similarly, plaintiffs' unfair business practices claim incorporating their yield-spread
13 premium allegations fails to state a claim for relief.  As yield-spread premiums are not per se
14 illegal, and as specific facts have not been alleged to show any RESPA violation, the derivate
15 unfair business practices cause of action likewise fails to establish a claim for relief.   (See
16 *Bayers*, supra at 1147.)

17 **B. PLAINTIFFS FAIL TO ALLEGE REASONABLE RELIANCE TO SUPPORT THEIR FRAUD CLAIMS.**
18

19 The necessary element of any claim for fraud or negligent misrepresentation is that the
20 plaintiff reasonably relied upon the alleged misrepresentation. (5 Witkin, *Summary of*
21 *California Law, Torts,* section 772, pg. 1121 (10th ed.).)  "The plaintiff must show not only
22 actual reliance, but justifiable reliance, i.e., that the circumstances were such as to make it
23 reasonable for plaintiff to accept the defendant's statements without an independent inquiry
24 or investigation." (5 Witkin, *Summary of California Law, Torts,* section 812, pg. 1173 (10th
25 ed.).)  Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake,
26 the circumstances constituting fraud or mistake shall be stated with particularity."

27 In *Hadland v. NN Investors Life Ins. Co.* (1993) 24 CalApp.4th 1578, the Court of
28 Appeal affirmed non-suit on plaintiffs' fraud claim that the insurance broker misrepresented

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

1 that a new policy would be as good as or better than their old policy because this was
2 patently at odds with the express provisions of the written contract. The appellate court held
3 that the plaintiffs "failed to establish the requisite fraud element of justifiable reliance."
4 (*Hadland*, supra at 1586.) The court noted that there are situations where justifiable reliance
5 "may be decided as a matter of law." (Id.) In the *Hadland* case, the appellate court stated
6 that the plaintiff had a duty to read his policy. (Id.) Any representations by defendant that
7 coverage was good or better "were patently at odds with the express provisions of the written
8 contract." (*Hadland*, supra at 1589.) "Their reliance on representations about what they
9 were getting for their money was unjustified as a matter of law." (*Hadland*, supra at 1589.)

10 Here, plaintiffs allege that they actually read their loan documents before signing them,
11 and that they "noticed the interest rate and payment amounts on the loan documents differed"
12 from the rates they believed they had discussed with Utah Financial. (Comp. ¶ 13.) Plaintiffs
13 nevertheless signed the loan documents. (Id.) Any alleged misrepresentations regarding the
14 rate of interest could not be reasonably relied upon as a matter of law. There was no
15 concealment as the loan documents which they read, as alleged by the plaintiffs themselves,
16 apparently set forth the correct terms of the loan.

17 There are also no allegations that the plaintiffs are exceptionally gullible or could not read
18 or understand English. To the contrary, the court can take judicial notice that plaintiffs were
19 involved in secured loan transactions with a number of lenders over the last ten years before
20 defendants arranged the Greenpoint Mortgage loans. Plaintiffs previously had secured loans
21 with Wells Fargo Bank, CitiBank West, Wachovia Mortgage, Virtual Bank, Chase Manhattan
22 Bank, Downey Savings, Countrywide Home Loans, Americas Wholesale Lender, Bank of
23 America, CMG Mortgage, GE Capital, Golden Crown Mortgage, PCN Bank, and others.
24 (Exh. B to Request for Judicial Notice.) Plaintiff Rick Yu was apparently studying to become
25 a licensed real estate agent at the time of the subject loans. (See Exh. C to Request for
26 Judicial Notice.)

27 There are also no allegations that the plaintiffs had insufficient time to review the
28 documents. The fact that the loans documents were signed before a notary at an escrow

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

office and not before the defendants is not improper.  As the court is no doubt aware, loan documents are often signed before notaries at an escrow company.  There is no statutory requirement that each loan document must be verbally explained to a borrower.  There are no allegations that any statutorily required disclosures were not given to the plaintiffs in writing.  Apparently, the loan documents were not so complex that plaintiffs did not notice the interest rate and payment amounts differed from what he believed the terms of the loans would be.

Any reassurances they received which contradicted the written loan documents and disclosures could not be "reasonably" or "justifiably" relied upon.  While Mr. Smith allegedly reassured Mr. Yu by stating he had "the same loan himself," there is no allegation this is untrue.  Any offer by defendants to help to secure refinancing for the plaintiffs because they were unhappy with their loans is irrelevant, and at best inadmissible evidence of an offer of settlement.  (CA Evid. Code §§ 1152 and 1154.)  To the extent plaintiffs are alleging that they had settled their claims, then plaintiffs' tort, RESPA and unfair business practices claims would be barred by an accord and satisfaction, and plaintiffs can only plead a breach of oral contract claim.  (Civ. Code § 1521, et seq.)

## IV.    CONCLUSION

Plaintiffs' first, second and third claims for relief alleging fraud and negligent misrepresentation fail to allege any claim for relief.  Plaintiffs admit they read the loan documents and noticed the discrepancies in the interest rate allegedly represented to them and signed the loan documents anyway.  Any reassurances they received which contradicted the written loan documents and disclosures could not be "reasonably" or "justifiably" relied upon.  Accordingly, they fail to allege reasonable or justifiable reliance as a matter of law.

As to plaintiffs' RESPA and unfair business practices claims, the plaintiffs fail to allege specific facts to establish that the yield spread premiums paid to Utah Financial were unlawful.

Wherefore, defendants Utah Financial, David L. Smith and Wayne Morrison respectfully request that their motion to dismiss be granted or in the alternative that their

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA  95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss    Page 8

motion for a more definite statement of the plaintiffs' claims be granted.

Dated: April 15, 2008

Respectfully submitted,

ADLESON, HESS & KELLY, APC

By: /s/ *Duane W. Shewaga*
PHILLIP M. ADLESON, ESQ.
DUANE W. SHEWAGA, ESQ.
Attorneys for Defendants
Utah Financial, Inc., David L. Smith, and Wayne Morrison

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS & KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Mot. to Dismiss    Page 9