Perry J. Woodward, Esq. (SBN 183876)
Mark W. Good, Esq. (SBN 218809)
Summer J. Martin, Esq. (SBN 254168)
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, California 95113
(408) 299-1200

Attorneys for Plaintiffs
Rick Yu and Serlyn Yu

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| RICK YU, SERLYN YU,<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH FINANCIAL, INC., a California corporation, GREENPOINT MORTGAGE FUNDING, INC., a California corporation, DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01771-RMW-PVT<br><br>[Assigned to Magistrate Patricia V. Trumbull]<br><br>RICK YU AND SERLYN YU'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC'S MOTION TO DISMISS THE COMPLAINT [FRCP § 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date:  May 13, 2008<br>Time:  10:00 a.m.<br>Courtroom: 5, 4th Floor |

Plaintiffs Rick Yu and Serlyn Yu ("Plaintiffs") hereby oppose defendant GreenPoint Mortgage Funding, Inc.'s ("GreenPoint") Motion To Dismiss The Complaint And Alternatively For A More Definite Statement ("Motion to Dismiss").

I. **INTRODUCTION**

GreenPoint has filed its Motion to Dismiss based on the premise that it is confused because it cannot determine what is being alleged against it due to Plaintiffs' use of the word "Defendants," and that Plaintiffs allegedly provide no factual basis for their contention that GreenPoint violated the Real Estate Settlement Procedures Act (Fourth Cause of Action) and California Business and Professions Code § 17200 (Fifth Cause of Action). GreenPoint's motion is wholly without merit as more fully discussed below. As only the fourth and fifth

#1153589                                        1
RICK YU AND SERLYN YU'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC'S MOTION TO
DISMISS THE COMPLAINT [FRCP § 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

causes of action are claimed against GreenPoint, only those claims will be discussed.

## II. ARGUMENT

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. The Court must construe the Complaint in the light most favorable to the plaintiff. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Internal citations omitted.) *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 577-578 (D. Cal. 1999).

"A complaint must be construed on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . [A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" (Internal citations omitted.) *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007). On a motion to dismiss, courts must "assume that all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### A. Plaintiffs' Use Of The Word "Defendants" In Plaintiffs' Complaint Is Not Confusing

As a preliminary matter, GreenPoint claims that it cannot determine which allegations refer to it because "[i]n the fourth and fifth causes of action Plaintiffs confusingly clump all four named defendants into one by using the term 'Defendants.'" Under the title of each cause of action, Plaintiffs plainly state, in bold, which Defendant that particular cause of action applies to. Under the title of the fourth and fifth causes of action, Plaintiffs actually state, in bold, "Against All Defendants," which clearly means that these causes of action apply to each and every named Defendant. (Complaint, ¶¶ 38, 43.) As plead in the Complaint, GreenPoint is GreenPoint Mortgage Funding, Inc. (Complaint, ¶ 5.), and is named as a Defendant in the Complaint.

Furthermore, GreenPoint's contention that "it is impossible to tell which allegations

apply to which defendants" is without merit, as GreenPoint states throughout its Motion to Dismiss that "[t]he first three causes of action in the complaint specifically do not apply to defendant GPM," and only responds to those causes of action, fourth and fifth, that do apply to it. GreenPoint's response evidences that it is not truly 'confused' as to which causes of action apply to it, and is perfectly capable of determining that only the Fourth and Fifth causes of action apply to it.

Thus, GreenPoint's request for clarification as to the word "Defendants" is without merit, and Plaintiffs' use of the word "Defendants" as to GreenPoint is not confusing.

### B. Plaintiffs Provided Sufficient Factual Allegations In Support Of The Fourth Cause of Action Against GreenPoint

GreenPoint bases its Motion to Dismiss as to the Fourth Cause of Action on the contention that Plaintiffs failed to state sufficient facts to support their claim that GreenPoint violated RESPA, claiming that there was no support for the contention that giving or receiving a yield spread premium is "per se" wrongful conduct, and no allegation that the fee or kickback was not for services actually performed.

Paragraphs 1-23 of Plaintiffs' Complaint provide a detailed accounting of the chronology of events, the involvement of each Defendant, and the material facts necessary to support Plaintiffs' allegation that GreenPoint "violated RESPA by giving and receiving a fee or kickback, in the form of a yield spread premium, prohibited by 12 U.S.C. §§ 2607(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint, ¶ 40.) Paragraph 38 of the Complaint clearly states "Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint." (Complaint, ¶ 38.) Plaintiffs' incorporation of the General Allegations into the Fourth Cause of Action in this manner is clearly stated and a sufficient manner of pleading, including the necessary factual allegations required to support this cause of action against GreenPoint.

The Real Estate Settlement Procedures Act ("RESPA") "prohibits the giving or receiving of fees for referral as part of a real estate settlement service but permits fees that are

1 paid for facilities actually furnished or services actually performed in the making of a loan."
2 *Schuetz v. Banc One Mortgage Corporation*, 292 F.3d 1004, 1005 (9th Cir. 2002); 12 U.S.C.S.
3 §2607. It is well settled that in reviewing claims based on RESPA, the Ninth Circuit applies the
4 two part test promulgated by the Department of Housing and Urban Development (HUD).
5 *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). The HUD two part test considers
6 (1) "whether goods or facilities were actually furnished or services were actually performed for
7 the compensation paid and if so, (2) whether payments are reasonably related to the value of the
8 goods or facilities that were actually furnished or services that were actually performed."
9 Department of Housing and Urban Development 2001-1 ("HUD") *Policy Statement*, 66 Fed.
10 Reg. 53052 (2001).

      1.    <u>GreenPoint and its' Yield Spread Premium</u>

> A yield spread premium (YSP) is a payment made by a lender to a mortgage broker in exchange for that broker's delivering a mortgage ready for closing that is at an interest rate above the par value loan being offered by the lender. The YSP is the difference between the par rate and the actual rate of the loan; this difference is paid to the broker as a form of bonus. A YSP is typically a certain percentage of the loan amount; therefore, the higher the loan is above par value, the higher the YSP paid the mortgage broker

*Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 598 (D. Cal. 2007). As RESPA prohibits the giving *and* receiving of illegal fees or kickbacks, defendant GreenPoint is as equally liable for the RESPA violation (for giving the illegal fee or kickback) as the other named defendants are for receiving the illegal fee or kickback. See, 12 U.S.C.S. §2607(a) ("No person shall give and no person shall accept any fee, kickback, or thing of value. . .") In further support of both lender and broker liability, RESPA provides "[A]ny person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement services.… ." 12 U.S.C.S. §2607(d)(2) As factual support of GreenPoint's involvement, Plaintiffs allege in their Complaint: "Smith told Yu that he could not obtain the advertised fixed interest rate of 4.125%, but could obtain two loans with a 4.49% interest rate fixed for five years from GreenPoint;" (Complaint, ¶ 12.) "Yu appeared…to sign the purported loan documents with GreenPoint…;" (Complaint, ¶ 13.)

"Approximately ten days after closing, Yu received a letter from GreenPoint detailing the loans;"(Complaint, ¶ 15.) and "At closing, Utah Financial received $1,155.00 for a processing/admin fee, a $150.00 appraisal fee, and a $16,368.75 'yield spread premium' on $485,000 refinanced for the San Jose Property, and $23,560.00 'yield spread premium' on the $608,000 refinanced for the Gilroy property." (Complaint, ¶ 17.)

The above mentioned material allegations clearly demonstrate that GreenPoint was the lender in the transaction at issue, that it paid the yield spread premium to the brokers, and that the percentage of the yield spread premium paid to the brokers represented 3.375% and 3.875% of the loans respectively.[1] Thus, Plaintiffs' provided sufficient facts to support their Fourth Cause of Action as to GreenPoint specifically.

2. <u>Plaintiffs Provided Sufficient Factual Allegations in Support of Their Claim that GreenPoint Violated RESPA</u>

Plaintiffs' allegation, as stated in the Complaint, is that the yield spread premiums of $16,368.75 and $23,560.00 paid to Utah Financial respectively for each of the loans in the amounts of $485,000 and $608,000 respectively (Complaint, ¶ 17.) were not "reasonably related to the value of the goods or facilities that were actually furnished or the services that were actually performed." <i>Id.</i> Plaintiffs allege numerous facts in support of this argument. Despite the allegations contained in GreenPoint's motion to dismiss, Plaintiffs at no time alleged that yield spread premiums were "per se" illegal, or alleged a blanket assertion that giving or receiving a yield spread premium was "wrongful conduct." Thus, GreenPoint's argument to these feigned allegations are irrelevant.

In support of their allegation that the value of the services provided to Plaintiffs did not warrant yield spread premiums in the amount of $16,368.75 and $23,560.00, Plaintiffs provide the following factual allegations: "Smith told Yu that he could not obtain the advertised fixed interest rate of 4.125%, but could obtain two loans with a 4.49% interest rate fixed for five

---

[1] By calculating what percentage of the $485,000 loan that $16,368.75 represented and by calculating what percentage of the $608,000 loan that $23,560.00 represented.

years from GreenPoint. Yu agreed to finance both the San Jose and Gilroy properties based on these terms. At all times, Smith represented that Yu was obtaining two loans, each with a 4.49% interest rate fixed for five years." (Complaint, ¶ 12.) "Smith told Yu the loan documents were too difficult to explain to Yu, but that Yu would be happy with the loans because Smith had the same loan. Smith assured Yu that the loan terms were as previously discussed: to wit, a 4.49% interest rate fixed for five years." (Complaint, ¶ 13.) "Yu contacted GreenPoint and learned that he was in fact entered into two negative amortization loans, which required an 8.5% interest rate: 4.5% due at monthly payments and the remaining 4% adding to the principal balance each month." (Complaint, ¶ 16.) "[A]t no time was Yu told that an additional 4.01% of interest would add to their principal balance each month." (Complaint, ¶ 18.) "Yu had an above average and solid credit history, a low debt to income ratio, and a credit rating score of between 780-805." (Complaint, ¶ 22.) Again, all of these above mentioned facts were expressly incorporated by reference into the Fourth Cause of Action. (See, Complaint, ¶ 38.) As such, the facts of the loan terms were grossly misrepresented to Plaintiffs.

"The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. In answering this question, the Court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs favor." *Maganallez vs. Hilltop Lending Corporation*, 505 F. Supp. 2d 594, 600 (D. Cal. 2007). Here, Plaintiffs have presented numerous material allegations sufficient to support their assertion that a RESPA violation has occurred. The reasonable inference to be drawn from the facts as pleaded in the Complaint is that GreenPoint paid Utah Financial, Inc., a combined total of $39,928.75 for arranging loans on terms less favorable than represented to Plaintiffs, and less favorable than Plaintiffs were eligible for. Such conduct fails the HUD two part analysis. See, HUD *Policy Statement,* 66 Fed. Reg. 53052 (2001).

In *Maganallez,* the Court denied the Defendants' motion to dismiss because "RESPA requires a loan-specific analysis of whether the total mortgage broker compensation from all sources is reasonable." 505 F. Supp at 604 citing *Bjustrom v. Trust One Mortgage Corp.,* 332 F.

3d 1201 (9th Cir. 2003) and "[s]uch an analysis is not appropriate at the pleading stage." *Id.*

In *Maganallez*, (an interesting parallel to the case at bar) Plaintiffs' RESPA claim was based on the fact that the broker was paid a yield spread premium equal to 3.25% of the loan amount even though the broker had misrepresented the terms of the loan to Plaintiffs and arranged a loan on less favorable terms than Plaintiffs were eligible for. Upon review of Defendants' motion to dismiss, this Court stated "…if the facts alleged in paragraph 32 are true, they would support a finding that the payments defendants received were not reasonably related to the services they actually performed. Whether defendants misrepresented the terms of the loan, whether plaintiffs incurred a higher interest rate, and the qualifications and skills of the broker, are all factual issues that affect the value of the services provided." 505 F. Supp at 604.

Plaintiffs have provided sufficient factual material allegations in support of their claim against GreenPoint that a RESPA violation occurred. If the Court accepts the facts alleged in the Complaint as true, as required at this pleading stage, they support a finding that "the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint, ¶ 40.) In the case at bar, the yield spread premiums are actually higher than those in *Maganallez*, to wit, 3.375% and 3.875%, as opposed to the 3.25% in *Maganallez*.

### C. Plaintiffs Have Provided Sufficient Factual Allegations In Support Of The Fifth Cause of Action Against GreenPoint

GreenPoint bases its Motion to Dismiss as to the Fifth Cause of Action on the allegation that "[t]he entire cause of action is devoid of a single factual allegation." (Motion to Dismiss, page 5, line 24.)

Paragraphs 1-23 of Plaintiffs' Complaint provide a detailed accounting of the chronology of events, the involvement of each Defendant, and the material facts necessary to support Plaintiffs' allegation that GreenPoint's "wrongful conduct as hereinabove alleged constitutes unlawful unfair and/or fraudulent business acts and practices in violation of Business and Professions Code section 17200, et seq." (Compliant, ¶ 45.) Again, GreenPoint's contention that "the entire cause or action is devoid of a single factual allegation" is completely

without merit because Greenpoint ignores the remainder of the Complaint, which is incorporated fully into this cause of action. Paragraph 43 of the Complaint clearly states "Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint." (Complaint, ¶ 43.) Plaintiffs' incorporation of the General Allegations into the Fifth Cause of Action in this manner is clearly stated and is sufficiently pled to defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

California Business and Professions Code section 17200, et seq., defines unfair competition to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" and any act prohibited by the false advertising law. Cal. Bus. & Prof. Code § 17200 et seq. A defendant need only meet one of these criteria for its actions to be considered in violation of Cal. Bus. & Prof. Code § 17200. As explained above, Plaintiffs provided numerous factual allegations supporting their contention that GreenPoint violated RESPA, a Federal Law, because "the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint, ¶ 40.)

GreenPoint's violation of RESPA, as factually supported in paragraphs 1-23 and 38-42 of the Complaint, was a direct violation of Federal Law, and therefore was expressly prohibited by Cal. Bus. & Prof. Code § 17200 et seq. Business practices that violate federal laws may be redressed under Bus. & Prof. Code § 17200. In *Marks v. Ocwen Loan Servicing,* the Court held that Plaintiff "adequately states a claim for violation of RESPA against [Defendant] and claims of intentional and negligent misrepresentation against [Defendants]. As such, [Plaintiff] adequately states a claim under the 'unlawful' and 'fraudulent' prongs of § 17200." 2008 U.S. Dist. LEXIS 12175.

Plaintiff provided sufficient material facts to support its allegation that GreenPoint violated RESPA by giving the illegal fee or kickback. A violation of Federal Law is clearly wrongful conduct constituting an unlawful business act. Again, the "question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. In answering this question, the court must

assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor." *Maganallez*, 505 F. Supp. at 598.

Here, if the Court accepts the facts alleged in the Complaint as true, (which it is required to do), those facts sufficiently support a finding that GreenPoint violated Bus. & Prof. Code § 17200 et seq. when it committed unlawful acts alleged by Plaintiffs, i.e. by violation of RESPA.

**D.    GreenPoint's Motion For A More Definite Statement Is Unwarranted**

As discussed above, adequate facts have been plead to put GreenPoint on notice as to its wrongful acts as alleged by Plaintiffs. As such, its request in the alternative for a more definite statement is not warranted.

> Motions for a more definite statement are viewed with disfavor, and are rarely granted. 'The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings.' Generally, the Court will require a more definite statement only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. (Internal citations omitted.)

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (D. Cal. 1999). By the service of Plaintiff's complaint, GreenPoint has been put on full and fair notice of the basis of Plaintiff's claims against it. The standards required to support such a motion as illustrated by the court above have not been met. Defendant's motion in the alternative for a more definite statement should be denied.

**III.    CONCLUSION**

Based on the foregoing reasons, Plaintiffs respectfully requests that GreenPoint's Motion to Dismiss the Complaint and Alternatively for a More Definite Statement be denied. In the alternative, if the Court finds sufficient basis to grant Greenpoint's Motion to Dismiss, Plaintiffs respectfully request leave to amend their complaint.

Dated: April 16, 2008                                TERRA LAW LLP


By: /s/   Mark W. Good
    Mark W. Good
    Attorneys for Plaintiffs Rick and Serlyn Yu

#1153589                                9
RICK YU AND SERLYN YU'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC'S MOTION TO DISMISS THE COMPLAINT [FRCP § 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT