RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL III, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH FINANCIAL, INC., GREENPOINT MORTGAGE FUNDING, INC., DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01771-RMW<br><br>[Assigned to Hon. Ronald M. Whyte]<br><br>RESPONSE TO PLAINTIFF'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date (Cont'd): June 6, 2008<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor |

## I. INTRODUCTION

On April 4, 2008, defendant GreenPoint Mortgage Funding, Inc. ("GPM") filed a Motion to Dismiss the Complaint [FRCP 12(b)(6)] and Alternatively for a More Definite Statement (the "Motion"). On April 16, 2008, Plaintiff filed an opposition to GPM's Motion. Defendant GPM files this reply to point out the misstatements of law and fact provided in plaintiff's opposition.

///

///

RESPONSE TO PLAINTIFF'S OPPOSITION TO GREENPOINT
MORTGAGE'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 1

C08-01771-RMW-PVT

## II. LEGAL ARGUMENT

### A. THE COMPLAINT DOES NOT PROVIDE NOTICE OF A CLAIM UNDER WHICH PLAINTIFF IS ENTITLED TO RELIEF

Plaintiffs' initial argument is that a motion to dismiss is viewed with disfavor and is rarely granted. Plaintiffs further argue that their allegations must be assumed to be true. However, Plaintiffs fail to state that, at a minimum, fair notice of a claim is required. The Court in Castillo v. Norton, 219 F.R.D. 155, 159 (D. Az. 2003) held that the complaint must provide defendant with "fair notice of what the plaintiff's claim is and the **grounds upon which it rests.**" Furthermore, FRCP 8 states that a "pleading which sets forth a claim for relief . . . shall contain . . . (2) a **short and plain statement of the claim showing that the pleader is entitled to relief . . .** " FRCP 8 (emphasis added). Finally, the Court in Transphase Systems, Inc. v. Southern California Edison Co., (C.D.Cal. 1993) 839 F. Supp. 711, 718, held that "the Court does not 'need to accept as true conclusory allegations ... or unreasonable inferences.'" *Quoting* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:221 at page 9-41.

The Complaint does not come close to meeting any of these initial pleading requirements. Most importantly, the Complaint fails to provide GPM with fair notice of Plaintiffs claims. Instead the Complaint relies on conclusory allegations and allegations that are not directed at specific defendants. As a result, the Complaint fails to meet even the basic requirements of a pleading and therefore should be dismissed.

### B. PLAINTIFF'S USE OF THE WORD "DEFENDANTS" IS CONFUSING.

Plaintiffs argue that GPM's request for clarification of the term "Defendants" is without merit. However, the sole basis for Plaintiff's argument is that the Complaint states in the caption preceding each cause of action the Party's to which that cause of action applies. Plaintiff fails to

address the confusing and ambiguous use of the term "Defendants" in the actual allegations of the Complaint.

As stated by Plaintiff in their opposition, GPM is able to determine which **causes of action** (specifically the Fourth and Fifth) apply to GPM. However, as clearly stated in GPM's moving papers, GPM is unable to determine which **allegations** in the Complaint actually apply to GPM. The reason for this is that Plaintiff fails to refer to any specific defendant in the allegations and instead clumps them all together under the term "Defendants." Consequently, GPM is unable to determine which **allegations** in the complaint refer to GPM. Therefore, GPM cannot determine how to respond to the Complaint.

### C. THE FOURTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

The main argument in Plaintiffs' opposing papers is that Paragraphs 1-23 of the Complaint "provide detailed accounting of the chronology of events, the involvement of each Defendant, and the material facts necessary to support Plaintiffs' allegation that GreenPoint 'violated RESPA . . .'" (Opposition 3:16-18). Plaintiffs then argue that they reallege and incorporate by reference each and every allegation in the foregoing paragraphs. This statement requires that GPM sift through all 37 prior paragraphs to determine which ones provide fair notice that Plaintiffs are entitled to relief for a violation of RESPA. This does not meet the requirements of FRCP 8.

The Complaint does not contain a statement of a claim, but instead contains a conclusory allegation that GPM violated RESPA by giving and receiving a fee "prohibited by 12 U.S.C. §2607(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint ¶40). However, just one sentence later in their opposing papers, Plaintiff admits that RESPA "permits fees that are paid for facilities actually furnished or services actually performed in the making of a loan." (Opposition, 3:28-4:3).

RESPONSE TO PLAINTIFF'S OPPOSITION TO GREENPOINT
MORTGAGE'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 3

C08-01771-RMW-PVT

Therefore, in order to show that Plaintiff is entitled to relief under RESPA, they must, at a minimum, allege that the alleged payment was not for services actually performed. This is not done, and instead, Plaintiff relies on the conclusory statement that Defendants violated RESPA.

Furthermore, and more importantly, the Complaint does contain allegations that Utah Financial in fact did perform services in the making of the loan. Based on Plaintiffs own statements RESPA permits fees that are paid for services actually performed. Consequently, the Complaint fails to provide facts sufficient to constitute a cause of action against GPM for a violation of RESPA and therefore should be dismissed.

### D. THE FIFTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

Plaintiffs rely on a similar argument with regards to the Fifth cause of action. Specifically that Paragraphs 1-23 are incorporated into the cause of action and contain facts sufficient to constitute a cause of action for violation of B&P §17200. This is simply not true.

The Fifth cause of action relies on 2 substantive paragraphs each of which uses ambiguous terms. Paragraph 44 states that "Defendants have engaged in such conduct in the past and that they continue to engage in such conduct." (Complaint ¶44). However, Plaintiffs fail to ever define or even describe the term "conduct". There is no reference to the term conduct in the "foregoing paragraphs of this Complaint" as far as GPM can determine. As a result this paragraph is ambiguous and does not provide GPM fair notice of the claim.

Furthermore, paragraph 45 states that "Defendants' wrongful conduct as hereinabove alleged constitutes unlawful, unfair and/or fraudulent business acts and practices in violation of Business and Professions Code section 17200, et seq." Again, absent a definition of the term "conduct", this ambiguous sentence fails to provide GPM fair notice of Plaintiffs claims. In addition, this sentence fails to provide GPM notice of whether Plaintiffs claim the alleged acts in violation of B&P §17200

RESPONSE TO PLAINTIFF'S OPPOSITION TO GREENPOINT
MORTGAGE'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 4

C08-01771-RMW-PVT

were allegedly "unfair" OR "illegal". Each of these words has a different standard to meet so by not being careful in their pleadings, plaintiffs fail to meet the necessary standard to avoid having their complaint dismissed pursuant to FRCP 12(b)(6). Instead, Plaintiffs clump it all together in the hope that something will stick.

Based on the foregoing, the Fifth cause of action fails to state facts sufficient to constitute a cause of action. It also fails to meet the requirements of FRCP 8. Therefore, the Fifth cause of action should be dismissed.

### E. REINCORPORATING ALL OF THE PRIOR PARAGRAPHS MAKES THE 4TH AND 5TH CAUSES OF ACTION AMBIGUOUS AND UNCERTAIN

Plaintiffs' counsel either makes the mistake of incorporating by reference all of the prior paragraphs when they get to the 4th and 5th causes of action or they are purposely trying to confuse the issues by importing paragraphs that may or may not be applicable to alleged actions by GPM. See paragraph _38_ and _43_ of the 4th and 5th causes of action respectively. This type of incorporation by reference makes it impossible for GPM to figure out which prior paragraphs actually are applicable to the supposed causes of action by GPM and which are not. As such, GPM would submit that because of this incorporation by reference, plaintiffs' complaint should either be dismissed pursuant to FRCP 12(b)(6) or plaintiffs be ordered to file a More Definite Statement, as stated below, of exactly what alleged actions they are charging GPM with.

### F. IN THE ALTERNATIVE GPM IS ENTITLED TO A MORE DEFINITE STATEMENT

It appears that Plaintiffs have compiled some allegations and some legal theories and thrown them all against the wall in the hopes that a few will stick. The Complaint is confusing, ambiguous and fails to provide GPM with fair notice of Plaintiffs' claims. Therefore, should the Court deny GPM's Motion to Dismiss, it should at a minimum order Plaintiffs to submit a more definite

statement in order to clarify the Complaint and provide GPM as well as the other defendants fair notice of Plaintiffs claims.

### III. CONCLUSION

The Complaint is confusing, ambiguous and fails to provide GPM with fair notice of Plaintiffs claims. Furthermore, in its current form it fails to state facts sufficient to constitute a cause of action against GPM. As a result the entire Complaint as against GPM should be dismissed without leave to amend.

DATED: April 28, 2008

/s/ Edward R. Buell III
EDWARD R. BUELL, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

\Legal\PLEADING\Yu v. Utah Financial, GPM #7201\Response to Opp to Motion to Dismiss 4.08.doc

RESPONSE TO PLAINTIFF'S OPPOSITION TO GREENPOINT
MORTGAGE'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]
AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT
Page 6

C08-01771-RMW-PVT