1  Perry J. Woodward, Esq. (SBN 183876)
   Mark W. Good, Esq. (SBN 218809)
2  Summer J. Martin, Esq. (SBN 254168)
   TERRA LAW LLP
3  177 Park Avenue, Third Floor
   San Jose, California 95113
4  (408) 299-1200

5  Attorneys for Plaintiffs
   Rick Yu and Serlyn Yu

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| RICK YU, SERLYN YU,<br><br>             Plaintiffs,<br><br>vs.<br><br>UTAH FINANCIAL, INC., a California corporation, GREENPOINT MORTGAGE FUNDING, INC., a California corporation, DAVID L. SMITH, WAYNE MORRISON, and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. C08-01771-RMW-PVT<br><br>[Assigned to Magistrate Patricia V. Trumbull<br><br>**RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      June 6, 2008<br>Time:      9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge:     Ronald M. Whyte |

1153884
**RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE**

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF ISSUES ................................................................ 1

II. ARGUMENT ................................................................................................................. 1

    A. Defendants' Request For Judicial Notice Includes Improper Matter Which Is Not Permitted by Fed. R. Evid. 201 ................................ 2

    B. Defendants' Motion Falsely Claims Statements Which Are Not Contained In Plaintiffs' Complaint ................................................................ 4

    C. Plaintiffs Have Provided Sufficient Factual Allegations In Support Of Their First Cause of Action For Breach Of Fiduciary Duty Even Though Defendants Motion To Dismiss Is Void Of Any Legal Grounds For Their Assertion That Plaintiffs' First Cause of Action For Breach of Fiduciary Duty Should Be Dismissed ................................................................................................................. 5

    D. Plaintiffs Have Provided Sufficient Factual Allegations in Support Of The Second Cause Of Action For Negligent Misrepresentation, And The Third Cause of Action for Intentional Misrepresentation ................................................................................ 7

    E. Plaintiffs Provided Sufficient Factual Allegations In Support of the Fourth Cause of Action Against Defendants for RESPA Violations ................................................................................................................. 9

    F. Plaintiffs Have Provided Sufficient Factual Allegations in Support of the Fifth Cause of Action for Violation of Business & Professions Code Section 17200 ................................................................................ 13

    G. Defendants' Motion For A More Definite Statement Is Unwarranted ................................................................................................................. 15

III. CONCLUSION ................................................................................................................. 15

1153884      i

RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE

**TABLE OF AUTHORITIES**

Cases

Bell Atl. Corp. v. Twombly
   127 S. Ct. 1955 (U.S. 2007) .................................................................................. 1

Bjustrom v. Trust One Mortgage Corp.
   332 F. 3d 1201 (9th Cir. 2003) ............................................................................. 12

Cellars v. Pacific Coast Packaging, Inc.
   189 F.R.D. 575 (D. Cal. 1999) ......................................................................... 1, 15

Columbia Natural Resources v. Tatum
   58 F.3d 1101 (6th Cir. 1995) .................................................................................. 2

Geraci v. Homestreet Bank
   347 F.3d 749 (9th Cir. 2003) ............................................................................... 10

Hennessy v. Penril Datacomm Networks
   69 F.3d 1344 (7th Cir. 1995) .................................................................................. 3

Maganallez v. Hilltop Lending Corp.
   505 F. Supp. 2d 594 (D. Cal. 2007) ................................................... 10, 11, 12, 15

Marks vs. Chicoine
   2007 U.S. Dist. LEXIS 29438 at *10 (N.D. Cal. 2007.) ....................................... 7

Marks v. Ocwen Loan Servicing
   2008 U.S. Dist. LEXIS 12175 at *17 (N.D. Cal. 2008.) ..................................... 14

Midwest Commerce Banking Co. v. Elkhart City Centre
   4 F.3d 521 (7th Cir. 1993.) .................................................................................... 7

Peloza v. Capistrano Unified Sch. Dist.
   37 F.3d 517 (9th Cir. 1994) .................................................................................... 2

San Luis & Delta-Mendota Water Auth. v. Badgley
   136 F. Supp. 2d 1136 (E.D. Cal. 2000) ................................................................. 3

Schuetz v. Banc One Mortgage Corporation
   292 F.3d 1004 (9th Cir. 2002) ............................................................................. 10

Stetler v. GreenPoint Mortgage Funding, Inc.
   2008 U.S. Dist. LEXIS 4880 (E.D. Cal. 2008) ..................................................... 5

Victaulic Co. v. Tieman
   499 F.3d 227 (3d Cir. 2007) ................................................................................... 4

Wyatt v. Union Mortgage Co.
   24 Cal. 3d 773 (1979) ............................................................................................ 5

Statutes

| | |
|---|---|
| 12 U.S.C.S. §2607 | 10 |
| 12 U.S.C.S. §2607(a) | 9 |
| Bus. & Prof. Code § 17200 | 13, 14, 15 |
| Fed. R. Civ. P. 11 | 5, 6 |
| Fed. R. Civ. P. 12(e) | 1, 15 |
| Fed. R. Evid. 201 | 2, 3, 9 |

Regulations

Department of Housing and Urban Development 2001-1 ("HUD") Policy Statement, 66 Fed. Reg. 53052 (2001) .................................................. 10, 12

Plaintiffs Rick Yu and Serlyn Yu ("Plaintiffs") hereby oppose defendants Utah Financial, Inc.'s, David L. Smith's and Wayne Morrison's ("Defendants") Motion to Dismiss, and Defendants' request, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiffs also object to Defendants' Request for Judicial Notice of the Internet website pages attached as Exhibits B and C to their request.

## I. INTRODUCTION AND STATEMENT OF ISSUES

Defendants filed a Request for Judicial Notice ("RJN") requesting this Court to take judicial notice of certain documents attached as exhibits to their request. Exhibit A is a copy of the complaint filed by Plaintiffs in the Santa Clara County Superior Court. Exhibits B and C are purportedly printouts from Internet website searches. Defendants filed their Motion to Dismiss ("Motion") based on the premise that Plaintiffs failed to allege a claim for relief under the Real Estate Settlement Procedures Act (Motion, page 4, line 21 – page 6, line 16) and that Plaintiffs failed to "allege reasonable reliance to support their fraud claims." (Motion, page 6, line 17 – page 8, line 16). Defendants seek dismissal of the complaint, or alternatively dismissal of all five causes of action (Motion, page 2, lines 5-6), even though Defendants fail to make any argument supporting the dismissal of the first cause of action for Breach of Fiduciary Duty.

## II. ARGUMENT

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. The Court must construe the Complaint in the light most favorable to the plaintiff. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Internal citations omitted.) *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 577-578 (D. Cal. 1999).

"A complaint must be construed on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . [A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" (Internal citations omitted.) *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007). On a motion to dismiss, courts must "assume that all general allegations embrace whatever specific facts might be necessary to support them."

*Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### A. Defendants' Request For Judicial Notice Includes Improper Matter Which Is Not Permitted by Fed. R. Evid. 201

In support of their Motion, Defendants request this Court to take judicial notice of documents attached as Exhibits A, B and C to their RJN. Exhibit A is a copy of the complaint filed by Plaintiffs in the Santa Clara County Superior Court, case number 1-08-CV-107327 ("Complaint"). Defendants allege that Exhibit B is "entries on the Santa Clara County Recorder's grantor/grantee index…regarding plaintiff Rick Yu." (RJN, page 2, line 1-3.) Defendants allege that Exhibit C is "records of the California Department of Real Estate indicating that Rick Yu is a licensed real estate salesperson." (RJN, page 2, line 4-6.)

Regarding Exhibit A, it is curious why Defendants would request judicial notice of the precise document attacked by their Motion to Dismiss, to wit: Plaintiffs' Complaint, when that is the operative document which the Court will examine for its sufficiency of claims. Regardless, Plaintiffs do not oppose judicially noticing the Complaint.

Defendants' request for judicial notice of Exhibits B and C are not proper matters for being judicially noticed under the Federal Rules of Evidence. Federal Rule of Evidence Rule 201(b) provides in pertinent part "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Internet Web pages Defendants submitted fall into neither category.

In a case examining the propriety of taking judicial notice of documents taken from the Internet, the district court declined to take judicial notice under Rule 201 of an Internet website for a federal interagency ecological program that included real-time monitoring data and other information about fish that had been listed as "threatened species" under the Endangered Species Act, during an action challenging Fish and Wildlife Service rule that made the listing, where no showing of reliability and admissibility of data had been made, even if they were offered as

RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE

1  "admissions." *San Luis & Delta-Mendota Water Auth. v. Badgley*, 136 F. Supp. 2d 1136, 1146
2  (E.D. Cal. 2000).

3        Here, Defendants' Exhibit B is purportedly "entries on the Santa Clara County Recorder's grantor/grantee index . . . regarding Plaintiff Rick Yu." (RJN, page 2, lines 1-3). An examination of Exhibit B indicates that it is the results page of an Internet search report. Other than the first and last names listed, there are no middle names, no birth dates, no property addresses, or other indications that this search report relates to Plaintiffs, other than the fact that the same first and last names are listed. Based on this fact alone, this document fails the test for being subject to consideration under a request for judicial notice. In order for a fact to be judicially noticed, indisputability is a prerequisite. See, *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354 (7th Cir. 1995). This document is completely disputable as there is no concrete connection that demonstrates that the Plaintiffs are the same people as listed in this document. Secondly, this is not a "grantor/grantee index" as alleged by Defendants, it is simply (purportedly) the result of a search report with unknown parameters dictated by Defendants. As such, it is impossible to make a determination that this is a document "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required by the Federal Rules of Evidence.

      Similarly, Defendants' Exhibit C is another results page of an Internet website search. It is purportedly "the records of the California Department of Real Estate indicating that [Plaintiff] Rick Yu is a licensed real estate salesperson . . . ." The submitted document itself actually states: "Unofficial – taken from secondary records" highlighting the completely disputable nature of the document. It also lists the name "Rick Yu" with a post office box address in Gilroy, California. There is no way to verify that the listed information is the same "Rick Yu" as the Plaintiff, and the information itself is unreliable as the document itself states.

      As one court has observed, "[w]hile the rules allow a court to take judicial notice at any stage of the proceedings, FED. R. EVID. 201(f), we believe that it should be done sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir.

1153884                                    3
RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE
MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE

2007).

As a result, Defendants' request for judicial notice of the Internet website search pages attached as Exhibits B and C should be denied, and all references contained to those Internet Web pages in Defendants' Motion to Dismiss should not be considered by the Court in its determination. Specifically, these references include the purported loan experience of Plaintiffs, and any knowledge of loan documents which might be imputed to plaintiff Rick Yu by virtue of a purported license in real estate acquired after the transactions at issue took place.

### B.  Defendants' Motion Falsely Claims Statements Which Are Not Contained In Plaintiffs' Complaint

Defendants have falsely claimed that Plaintiffs' Complaint contains allegations or statements that appear nowhere in the Complaint, even as to specific paragraphs of the Complaint cited in Defendants' Motion. There is no allegation in the Complaint that Plaintiffs "read" the loan documents, or that Plaintiffs were experienced in real estate financing.

Defendants claim repeatedly in their Motion that Plaintiffs "read the loan documents" and that Plaintiffs alleged that they read the loan documents in their Complaint. Defendants also falsely allege that Plaintiffs alleged that they had experience in real estate financing. "[P]laintiffs admit in their pleadings that they read the loan documents before signing. . ." (Motion, page 2, lines 9-10); "Plaintiffs admit that they read the loan papers before signing them. . . (Compl. ¶ 13.)" (Motion, page 3, lines 7-8); "Plaintiffs read the loan documents. . . (Comp. ¶ 13.)" (Motion, page 4, line 7); "[P]laintiffs filed their action alleging . . . that despite their experience in real estate financing and having read the loan documents. . ." (Motion, page 4, lines 12-14); "Here, plaintiffs allege that they actually read their loan documents before signing them. . . (Comp.¶ 13.)" (Motion, page 7, line 10); There was no concealment as the loan documents which they read, as alleged by the plaintiffs themselves. . ." (Motion, page 7, lines 14-15); and finally, "Plaintiffs admit they read the loan documents. . ." (Motion, page 8, lines 19-20).

Each and every one of these statements in Defendants' Motion is provably false by an examination of Plaintiffs' Complaint and the discreet paragraphs cited by Defendants. Nowhere

1153884                                        4

in Plaintiffs' Complaint (or the cited paragraphs within the Complaint) is it alleged that Plaintiffs read the loan documents or that Plaintiffs had experience in real estate financing. These representations by the Defendants in their Motion is a fraud on the Court, and should subject Defendants' counsel to sanctions under Fed. R. Civ. P. 11.

### C. Plaintiffs Have Provided Sufficient Factual Allegations In Support Of Their First Cause of Action For Breach Of Fiduciary Duty Even Though Defendants Motion To Dismiss Is Void Of Any Legal Grounds For Their Assertion That Plaintiffs' First Cause of Action For Breach of Fiduciary Duty Should Be Dismissed

In their Motion, Defendants request the Court to "dismiss plaintiffs' complaint or in the alternative to dismiss plaintiffs' first, second, third, fourth and fifth causes of action ...." (Motion, page 1, line 26.) However, Defendants neglect to include any legal grounds what-so-ever as to why Plaintiffs' first cause of action, Breach of Fiduciary Duty, should be dismissed. Defendants' overly broad demand for the entire Complaint, or the first through fifth causes of action, to be dismissed is insufficient and should be summarily rejected considering Defendants' failure to substantiate its request.

In any event, Plaintiffs provided sufficient factual allegations to support their claim that Defendants owed a fiduciary duty to Plaintiffs and breached that duty. It is well settled that fiduciary duties apply in the mortgage transaction context. See, *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782 (1979); *Stetler v. GreenPoint Mortgage Funding, Inc.*, 2008 U.S. Dist. LEXIS 4880 (E.D. Cal. 2008). A mortgage broker is customarily retained by a borrower to act as the borrower's agent in negotiating an acceptable loan. As a result, mortgage brokers have "an obligation to make a full and accurate disclosure of the terms of a loan to borrowers and to act always in the utmost good faith toward their principals." *Wyatt*, 24 Cal. 3d at 782.

This fiduciary duty clearly contemplates a prohibition against making affirmative misrepresentations to the borrower regarding the terms of the loan. In *Stetler*, the court explained that the mortgage broker had a "duty to exhaustively explain issues," and had a "duty to respond to Plaintiff's inquiries with truthful, straightforward responses..." 2008 U.S. Dist. LEXIS 4880 at *18-19.

1153884

5

RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE

1    Here, Paragraphs 1-23 of Plaintiffs' Complaint provide a detailed accounting of the
2 chronology of events, the involvement of each defendant, the relationships between the
3 defendants, and the material facts necessary to support Plaintiffs' allegation that a fiduciary
4 relationship existed, and that Defendants breached their fiduciary duties owed to Plaintiffs.
5 Paragraphs 2-4 of the Complaint clearly state the relationship of defendants Utah Financial Inc.,
6 David L. Smith, and Wayne Morrison as mortgage brokers in this transaction. (See, Complaint ¶¶
7 2-4.) Paragraphs 9 and 10 explain that Plaintiffs retained Defendants in order to negotiate an
8 acceptable loan refinance. (See, Complaint ¶¶ 9-10.) Paragraph 11 clearly states that "Smith
9 works under the supervision of Morrison, and at all times mentioned herein, Morrison was aware
10 of and consented to the representations made by Smith to Yu." (Complaint ¶¶ 11.)

    Plaintiffs also provided sufficient allegations to support their claim that Defendants
breached their fiduciary duty owing to Plaintiffs with numerous affirmative misrepresentations.
Paragraph 12 of the Complaint states, "[a]t all times, Smith represented that Yu was obtaining two
loans, each with a 4.49% interest rate fixed for five years." (Complaint, ¶ 12.) Paragraph 13 of the
Complaint states:

> Yu noticed the interest rate and payment amounts on the loan
> documents differed from the rate discussed and telephoned Smith to
> question the different rates noted on the loan documents. During that
> telephone conversation, Smith told Yu the loan documents were too
> difficult to explain to Yu, but that Yu would be happy with the loans
> because Smith had the same loan himself. Smith assured Yu that the
> loan terms were as previously discussed: to wit, a 4.49% interest rate
> fixed for five years. Based on this representation, and the numerous
> past representations, Yu signed the loan documents as directed.

(Complaint, ¶ 13.) Lastly, Plaintiffs' Complaint states, "Yu contacted GreenPoint and learned that
he was in fact entered into two negative amortization loans, which required an 8.5% interest rate:
4.5% due at monthly payments and the remaining 4% adding to the principal balance each
month," and that "[a]t no time was Yu told that an additional 4.01% of interest would add to their
principal balance each month." (Complaint, ¶¶ 16, 18.)

    Thus, Plaintiffs have provided sufficient allegations to support their claim that a fiduciary
relationship existed between Defendants and Plaintiffs, and that Defendants breached their
fiduciary duties owed to Plaintiffs by making said affirmative misrepresentations. As a result,

notwithstanding Defendants' failure to include any legal ground or argument in their Motion to Dismiss as to this cause of action, Defendants' Motion should be denied.

### D. Plaintiffs Have Provided Sufficient Factual Allegations in Support Of The Second Cause Of Action For Negligent Misrepresentation, And The Third Cause of Action for Intentional Misrepresentation

Defendants base their Motion as to Plaintiffs' second cause of action for Negligent Misrepresentation and third cause of action for Intentional Misrepresentation (grouped together as "Fraud" in Defendants' Motion) on the sole contention that Plaintiffs "failed to allege reasonable reliance to support their fraud claims." (Motion, page 6, line 17.)

Although Plaintiffs' Complaint was originally filed in the Santa Clara County Superior Court, Plaintiffs nonetheless provided sufficient factual allegations to support their causes of action for Negligent and Intentional Misrepresentation. Although Federal Rule of Civil Procedure, Rule 9(b) requires a party to "plead fraud and mistake with particularity," courts generally interpret this to require that the party include no more than the time, place and content of an alleged misrepresentation, the false statement that was made, and why that statement was false or misleading. *Marks vs. Chicoine*, 2007 U.S. Dist. LEXIS 29438 at *10 (N.D. Cal. 2007.) In addition, at this early stage in the pleadings, most courts hold plaintiffs need not plead facts showing their reliance on the defendant's falsehoods was reasonable. See, *Midwest Commerce Banking Co. v. Elkhart City Centre*, 4 F.3d 521, 524 (7th Cir. 1993.)

Furthermore, in *Meram v. MacDonald*, the court addressed this exact issue and stated:

> "the specificity required for the misrepresentation element is not required for the damage and reliance elements. To comply with rule 9(b),"the circumstances constituting fraud ... shall be stated with particularity." "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."Moore v. Kayport Package Express, Inc., 885 F. 2d 531, 540 (9th Cir. 1989). In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. Id. The particularity pleading requirement does not apply to reasonable reliance or other elements. See Fed. R. Civ. P. 9(b) ("condition of mind of a person may be averred generally"); Midw. Commerce Banking Co. v. Elkhart City Ctr., 4 F.3d 521, 524 (7th Cir. 1993); William W. Schwarzer et al., Fed. Civ. P. Before Trial P8:44.1 (2006). Accordingly, Rule 9(b)'s particularity requirement does not apply to the issues of reasonable reliance and damages raised in Defendants' motion."

1  *Meram v. MacDonald*, 2006 U.S. Dist. LEXIS 79069 at *13 (S.D. Cal. 2006.)

2  Here, Defendants do not contend that Plaintiffs failed to sufficiently allege the time, place, or content of the negligent and intentional misrepresentations, but only that Plaintiffs "fail to allege that they reasonably relied upon any alleged misrepresentations by defendants concerning their loans." (Motion, page 3, lines 6-7; page 6, lines 17, 21-24; page 7 lines 13-14; page 8, lines 8-9.) As the Complaint and the foregoing indicate, Plaintiffs' pleading as written is sufficient because Plaintiffs are not required at this stage to plead "reasonable reliance," but only the "time, place, and nature" of the negligent and intentional misrepresentations. See, *Meram*, 2006 U.S. Dist. LEXIS 79069 at *13.

Nonetheless, Plaintiffs sufficiently pled the time, place, and content of the negligent and intentional misrepresentations by pleading the following material facts: "This action arises out of obligations entered into and to be performed in the County of Santa Clara, State of California;" (Complaint, ¶ 8.) "On or about March 2007, Yu received a solicitation in the mail from Utah Financial advertising a 4.125% fixed interest rate when customers refinanced their current home loans with Utah Financial;" (Complaint, ¶ 9.) "At all times, Smith represented that Yu was obtaining two loans, each with a 4.49% interest rate fixed for five years;" (Complaint, ¶ 12.) "On or about April 16, 2007… Smith told Yu the loan documents were too difficult to explain to Yu, but that Yu would be happy with the loans because Smith had the same loan himself. Smith assured Yu that the loan terms were as previously discussed: to wit, a 4.49% interest rate fixed for five years. Based on this representation, and the numerous past representations, Yu signed the loan documents as directed;" (Complaint, ¶ 13.) "Approximately ten days after closing…Yu contacted GreenPoint and learned that he was in fact entered into two negative amortization loans, which required an 8.5% interest rate…;(Complaint, ¶¶ 15-16.) and, "At all times alleged herein, Yu had an above average and solid credit history, a low debt to income ratio, and a credit rating score of between 780-805. Thus, there was no basis for the type of loan Defendants prescribed for Yu." (Complaint, ¶ 22.)

Moreover, Defendants' rely on inadmissible documents in support of their contention that Plaintiffs' reliance on Defendants' misrepresentations was not reasonable. As explained in

Section A herein, the Internet website print outs that Defendants rely on are unreliable, unidentifiable, and inappropriate for judicial notice pursuant to Fed. R. Civ. P. 201(b). As a result, all references to any alleged loan experience or real estate license allegedly held by plaintiff Rick Yu should not be considered by the Court in its determination of Defendants' Motion.

Whether Plaintiffs' reliance on Defendants' affirmative misrepresentation was reasonable or justifiable is an issue of fact to be decided by the jury, and not an issue to be determined at this early stage in the pleadings. "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore*, 885 F. 2d 531, 540 (9th Cir. 1989.) Plaintiffs' Complaint, as written, satisfies this requirement.

### E. Plaintiffs Provided Sufficient Factual Allegations In Support of the Fourth Cause of Action Against Defendants for RESPA Violations

Defendants base their Motion as to the fourth cause of action on the contention that Plaintiffs failed to state sufficient facts to support their claim that Defendants violated RESPA, claiming that there was no support for the contention that giving or receiving a yield spread premium is "per se" wrongful conduct, that there was no allegation that the fee or kickback was unreasonable, and that there was no allegation that the fee or kickback was not commensurate with the market rate for such services.

Paragraphs 1-23 of Plaintiffs' Complaint provide a detailed accounting of the chronology of events, the involvement of each Defendant, and the material facts necessary to support Plaintiffs' allegation that defendants Utah Financial, Smith and Morrison "violated RESPA by giving and receiving a fee or kickback, in the form of a yield spread premium, prohibited by 12 U.S.C. § 2607(a), in that the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint, ¶ 40.) Paragraph 38 of the Complaint clearly states "Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the foregoing paragraphs of this complaint." (Complaint, ¶ 38.) Plaintiffs' incorporation of the general allegations into the fourth cause of action in this manner is clearly stated and a sufficient manner of pleading, including the necessary factual allegations

required to support this cause of action against Defendants.

The Real Estate Settlement Procedures Act ("RESPA") "prohibits the giving or receiving of fees for referral as part of a real estate settlement service but permits fees that are paid for facilities actually furnished or services actually performed in the making of a loan." *Schuetz v. Banc One Mortgage Corporation*, 292 F.3d 1004, 1005 (9th Cir. 2002); 12 U.S.C. §2607. It is well settled that in reviewing claims based on RESPA, the Ninth Circuit applies the two part test promulgated by the Department of Housing and Urban Development (HUD). *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). The HUD two part test considers (1) "whether goods or facilities were actually furnished or services were actually performed for the compensation paid and if so, (2) whether payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." Department of Housing and Urban Development 2001-1 ("HUD") Policy Statement, 66 Fed. Reg. 53052 (2001).

> A yield spread premium (YSP) is a payment made by a lender to a mortgage broker in exchange for that broker's delivering a mortgage ready for closing that is at an interest rate above the par value loan being offered by the lender. The YSP is the difference between the par rate and the actual rate of the loan; this difference is paid to the broker as a form of bonus. A YSP is typically a certain percentage of the loan amount; therefore, the higher the loan is above par value, the higher the YSP paid the mortgage broker

*Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 598 (D. Cal. 2007).

Plaintiffs' allegation, as stated in the Complaint, is that the yield spread premiums of $16,368.75 and $23,560.00 paid to Utah Financial for each of the loans in the amounts of $485,000 and $608,000 respectively (Complaint, ¶ 17.) were not "reasonably related to the value of the goods or facilities that were actually furnished or the services that were actually performed." Id. Plaintiffs allege numerous material facts in support of this argument. Despite the blatantly false allegations contained in Defendants' Motion, Plaintiffs at no time alleged that yield spread premiums are "per se" illegal, or alleged a blanket assertion that giving or receiving a yield spread premium is "wrongful conduct." Thus, Defendants' argument to these feigned allegations are irrelevant. Furthermore, Plaintiffs at no time allege that the yield spread premiums at issue

were "per se" too high, but only that they were unreasonable considering the quality of services rendered. Thus, Defendants' arguments regarding market norms are irrelevant and inapplicable. At this stage in the pleadings, Plaintiffs are not required to provide an analysis of the normal market price charged for sub-par services.

In support of their allegation that the value of the services provided to Plaintiffs did not warrant yield spread premiums in the amount of $16,368.75 and $23,560.00, Plaintiffs provide the following factual allegations: "Smith told Yu that he could not obtain the advertised fixed interest rate of 4.125%, but could obtain two loans with a 4.49% interest rate fixed for five years from GreenPoint. Yu agreed to finance both the San Jose and Gilroy properties based on these terms. At all times, Smith represented that Yu was obtaining two loans, each with a 4.49% interest rate fixed for five years." (Complaint, ¶ 12.) "Smith told Yu the loan documents were too difficult to explain to Yu, but that Yu would be happy with the loans because Smith had the same loan. Smith assured Yu that the loan terms were as previously discussed: to wit, a 4.49% interest rate fixed for five years." (Complaint, ¶ 13.) "Yu contacted GreenPoint and learned that he was in fact entered into two negative amortization loans, which required an 8.5% interest rate: 4.5% due at monthly payments and the remaining 4% adding to the principal balance each month." (Complaint, ¶ 16.) "[A]t no time was Yu told that an additional 4.01% of interest would add to their principal balance each month." (Complaint, ¶ 18.) "Yu had an above average and solid credit history, a low debt to income ratio, and a credit rating score of between 780-805." (Complaint, ¶ 22.) Again, all of these above mentioned facts were expressly incorporated by reference into the fourth cause of action. (See, Complaint, ¶ 38.) As such, the facts of the loan terms were grossly misrepresented to Plaintiffs.

"The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. In answering this question, the Court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs favor." *Maganallez*, 505 F. Supp. 2d at 600. Here, Plaintiffs have presented numerous material allegations sufficient to support their assertion that a RESPA violation has occurred. The reasonable inference to be drawn from the facts as pleaded in

1  the Complaint is that GreenPoint paid Utah Financial, Inc., a combined total of $39,928.75 for
2  arranging loans on terms less favorable than represented to Plaintiffs, and less favorable than
3  Plaintiffs were eligible for. Such conduct fails the HUD two part analysis. See, HUD Policy
4  Statement, 66 Fed. Reg. 53052 (2001).

In *Maganallez*, the Court denied the Defendants' motion to dismiss because "RESPA requires a loan-specific analysis of whether the total mortgage broker compensation from all sources is reasonable." 505 F. Supp at 604 citing *Bjustrom v. Trust One Mortgage Corp.*, 332 F. 3d 1201 (9th Cir. 2003) and "[s]uch an analysis is not appropriate at the pleading stage." Id.

In *Maganallez*, (an interesting parallel to the case at bar) Plaintiffs' RESPA claim was based on the fact that the broker was paid a yield spread premium equal to 3.25% of the loan amount even though the broker had misrepresented the terms of the loan to Plaintiffs and arranged a loan on less favorable terms than Plaintiffs were eligible for. Upon review of Defendants' motion to dismiss, this Court stated "…if the facts alleged in paragraph 32 are true, they would support a finding that the payments defendants received were not reasonably related to the services they actually performed. Whether defendants misrepresented the terms of the loan, whether plaintiffs incurred a higher interest rate, and the qualifications and skills of the broker, are all factual issues that affect the value of the services provided." 505 F. Supp at 604. It is noteworthy that the yield spread premiums at issue here, 3.375% and 3.875%[1] respectively, are actually higher than the 3.25% yield spread premium at issue in *Maganallez*.

Plaintiffs have provided sufficient factual material allegations in support of their claim against Defendants that a RESPA violation occurred. If the Court accepts the facts alleged in the Complaint as true, as required at this pleading stage, the facts pled are sufficient to support a finding that "the total compensation paid to Utah Financial, Inc. bore no reasonable relationship to the value of the services actually performed." (Complaint, ¶ 40.)

---

[1] Determined by calculating what percentage of the $485,000 loan that $16,368.75 represented and by calculating what percentage of the $608,000 loan that $23,560.00 represented.

1153884                                        12

**RICK YU AND SERLYN YU'S OPPOSITION TO UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND REQUEST FOR JUDICIAL NOTICE**

### F. Plaintiffs Have Provided Sufficient Factual Allegations in Support of the Fifth Cause of Action for Violation of Business & Professions Code Section 17200

Defendants base their Motion as to the fifth cause of action for violation of California's Bus. & Prof. Code § 17200 et seq. on the allegation that "[a]s yield-spread premiums are not per se illegal, and as specific facts have not been alleged to show any RESPA violation, the derivate (sic) unfair business practices cause of action likewise fails to establish a claim for relief." (Motion, page 6, lines 13-15.) Defendants provide no further legal ground for this assertion.

First, Defendants are mistaken in their understanding that Plaintiffs' claim for relief, as to Utah Financial Inc., David L. Smith and Wayne Morrison, under B&P Code § 17200 is limited to a derivative action of Defendants' RESPA violation. California Business and Professions Code section 17200, et seq., defines unfair competition to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" and any act prohibited by the false advertising law. Cal. Bus. & Prof. Code § 17200 et seq. A defendant need only meet one of these criteria for its actions to be considered in violation of Cal. Bus. & Prof. Code § 17200.

Plaintiffs provided numerous factual allegations supporting their contention that Defendants not only violated RESPA, a Federal Law, but also engaged in unfair or fraudulent business practices, and unfair, deceptive, untrue, or misleading advertising. See, B&P Code § 17200. Paragraphs 1-23 of Plaintiffs' Complaint provide a detailed accounting of the chronology of events, the involvement of each Defendant, and the material facts necessary to support Plaintiffs' allegation that Defendants' "wrongful conduct as hereinabove alleged constitutes unlawful unfair and/or fraudulent business acts and practices in violation of Business and Professions Code section 17200, et seq." (Complaint, ¶ 45.)

With regard to Defendants' advertising, Paragraph 9 states, "[o]n or about March 2007, Yu received a solicitation in the mail from Utah Financial advertising a 4.125% fixed interest rate when customers refinanced their current home loans with Utah Financial." (Complaint, ¶ 9.) Paragraph 12 states, "Smith told Yu that he could not obtain the advertised fixed interest rate of 4.125%, but could obtain two loans with a 4.49% interest rate fixed for five years from

GreenPoint. Yu agreed to finance both the San Jose and Gilroy properties based on these terms. At all times, Smith represented that Yu was obtaining two loans, each with a 4.49% interest rate fixed for five years." (Complaint, ¶ 12.) Lastly, Paragraph 16 states, "Yu contacted GreenPoint and learned that he was in fact entered into two negative amortization loans, which required an 8.5% interest rate: 4.5% due at monthly payments and the remaining 4% adding to the principal balance each month." (Complaint, ¶ 16.) The foregoing are sufficient material facts to support Plaintiffs' claim for relief under Bus. & Prof. Code § 17200 et seq for Defendants' "unfair, deceptive, untrue, or misleading advertising." B&P Code §17200.

In addition, Plaintiffs also provided sufficient facts for their allegation that Defendants have engaged in 'unfair or fraudulent business practices.' See, B & P Code §17200. Section C herein details the fact that Plaintiffs provided sufficient facts to support their claim that Defendants owed Plaintiffs a fiduciary duty, and that Defendants breached that fiduciary duty. Section D herein details the fact that Plaintiffs provided sufficient facts to support their claim that Defendants' intentional and negligent misrepresentations throughout the transactions at issue were fraudulent business practices.

Lastly, contrary to Defendants' Motion, Plaintiffs did provide sufficient facts for their allegation that Defendants engaged in 'unlawful business practices' when they violated RESPA. Defendants' violation of RESPA, as factually supported in paragraphs 1-23 and 38-42 of the Complaint, was a direct violation of Federal Law, and therefore was expressly prohibited by Cal. Bus. & Prof. Code § 17200 et seq. Business practices that violate federal laws may be redressed under Bus. & Prof. Code § 17200. "Unfair competition is defined as "any unlawful, unfair, or fraudulent business act or practice . . ." *Marks v. Ocwen Loan Servicing*, 2008 U.S. Dist. LEXIS 12175 at *17 (N.D. Cal. 2008.) In Marks, the Court held that the plaintiff adequately stated a claim for violation of RESPA against the defendant based on its claims of intentional and negligent misrepresentation satisfying the unlawful and fraudulent prongs of § 17200. *Id.*

Plaintiff provided sufficient material facts to support their allegation that Defendants engaged in wrongful conduct in violation of Bus. & Prof. Code § 17200 et seq. Although a

defendant need only meet one of the criteria contained in Bus. & Prof. Code § 17200 et seq, the Defendants here met several. Again, the "question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. In answering this question, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor." *Maganallez*, 505 F. Supp. at 598.

Here, if the Court accepts the facts alleged in the Complaint as true, (which it is required to do), those facts sufficiently support a finding that Defendants violated Bus. & Prof. Code § 17200 et seq. when they engaged in "unlawful, unfair or fraudulent business act or practice, and unfair deceptive, untrue, or misleading advertising." B&P Code §17200.

### G. Defendants' Motion For A More Definite Statement Is Unwarranted

As discussed above, adequate facts have been plead to put Defendants on notice as to its wrongful acts as alleged by Plaintiffs. As such, its request in the alternative for a more definite statement is not warranted.

> Motions for a more definite statement are viewed with disfavor, and are rarely granted. 'The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings.' Generally, the Court will require a more definite statement only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. (Internal citations omitted.)

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (D. Cal. 1999). By the service of Plaintiffs' complaint, Defendants have been put on full and fair notice of the basis of Plaintiffs' claims against it. The standards required to support such a motion as illustrated by the court above have not been met. Defendants' motion in the alternative for a more definite statement should be denied.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that defendants Utah Financial Inc., David L. Smith and Wayne Morrison's Request for Judicial Notice as to Exhibits B and C, and Motion to Dismiss the Complaint and Alternatively for a More Definite Statement be

denied. In the alternative, if the Court finds sufficient basis to grant Defendants' Motion to Dismiss, Plaintiffs respectfully request leave to amend their complaint.

Dated: May 5, 2008                                             TERRA LAW LLP


By: /s/ Mark W. Good
Mark W. Good
Attorneys for Plaintiffs Rick and Serlyn Yu