ADLESON, HESS & KELLY, APC
Phillip M. Adleson, Esq. (CSB# 69957)
padleson@ahk-law.com
Duane W. Shewaga, Esq. (CSB# 116837)
dshewaga@ahk-law.com
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250

Attorneys for Defendants
UTAH FINANCIAL, INC.
DAVID L. SMITH
WAYNE MORRISON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Jose Division)

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>    Plaintiffs,<br><br>vs.<br><br>UTAH FINANCIAL, INC., erroneously sued as a California corporation; GREENPOINT MORTGAGE FUNDING, INC.; DAVID L. SMITH, WAYNE MORRISON, et al.,<br><br>    Defendants. | Case No. C 08-01771 RMW<br><br>**DEFENDANTS UTAH FINANCIAL, INC.'S, DAVID L. SMITH'S AND WAYNE MORRISON'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Date:       July 25, 2008<br>Time:      9:00 a.m.<br>Courtroom: 6 (4th floor)<br>Judge:     Ronald M. Whyte |

I. **ARGUMENT**

   A. **PLAINTIFFS FAIL TO ALLEGE THAT THE YIELD SPREAD PREMIUM PAID TO UTAH FINANCIAL WAS NOT COMMENSURATE WITH THE AMOUNT NORMALLY CHARGED FOR SIMILAR SERVICES PERFORMED IN SIMILAR TRANSACTIONS.**

In their opposition plaintiffs do not dispute that yield spread premiums ("YSP") are not per se illegal. (*Schuetz v. Bank One Mortgage*, 292 F.3d 1004 (9th Cir. 2002), cert denied 123 S. Ct. 994 (2003).) They also do not dispute the holding of *Geraci v. Homestreet Bank*,

347 F.3d 749 (9th Cir. 2003), in which the Ninth Circuit Court of Appeals found that simply alleging the percentage of the loan amount of the YSP with the conclusory allegation that the YSP is excessive, fails to state a cause of action under RESPA. As held by the Ninth Circuit Court of Appeals in affirming judgment on the pleadings, there must be "specific supporting factual allegations" to establish that the yield spread premium charged was unreasonable.

While plaintiffs argue in their opposition that the amounts paid by Greenpoint Mortgage to Utah Financial was excessive, they do not allege that the total compensation paid to Utah Financial "was not commensurate with the amount normally charged for similar services in similar transactions in similar markets." (*Byars v. SCME Mortgage Bankers* (2003) 109 Cal.App.4th 1134, 1142.) If plaintiffs cannot allege that other lenders pay similar amounts to other mortgage brokers for similarly large loans, they do not have a cause of action under RESPA.

While plaintiffs cite *Maganallez v. Hilltop Lending Corporation*, 2007 U.S. Dist. LEXIS 33817 (N.D. 2007) for the proposition that they do not need to allege that the YSP paid to Utah Financial was not commensurate with YSPs paid to other mortgage brokers for similar loans, this is only a district court level decision which is not binding precedent upon this court. Moreover, the district court in the *Maganallez* case was apparently unaware of the *Byars* case, as there is no discussion or attempt to distinguish the *Byars* case in the *Maganallez* order.

Additionally, the district judge in the *Maganallez* case found that allegations that the mortgage broker who arranged the loan was not licensed in California, and that the defendants "did not adequately disclose the yield spread premium" along with other allegations, sufficiently alleged facts raising the issue of the reasonableness of the YSP paid to the brokers. Here, there is no allegation that Utah Financial is not licensed to arrange or make loans in California. There is also no allegation the YSP was not disclosed on the disclosure statements provided to the plaintiffs.

While plaintiffs acknowledge that HUD's Real Estate Settlement Procedures Act Statement sets forth the test to determine if a YSP is unreasonable, plaintiffs ignore that HUD

specifically states that the reasonableness of a YSP is determined by what other brokers are paid for similar loans. As stated by HUD, "In analyzing whether a particular payment or fee bears a reasonable relationship to the value of the goods or facilities actually furnished or services actually performed, HUD believes that payments must be commensurate with the amount normally charged for similar services, good or facilities. <u>This analysis *requires careful consideration of fees paid in relation to price structures and practices in similar transactions and in similar markers.*</u>" (Real Estate Settlement Procedures Act Statement of Policy 2001-1, 66 Fed. Reg. 53,052, 53,055 (October 18, 2001).) While other factors are considered in determining whether a YSP is reasonable, HUD still requires "comparing total compensation for loans of similar size and similar characteristics within similar geographic markers," which is a "key factor," unless the loan involved arises from a less competitive market. (Id.) Here there is no allegation that plaintiffs' loan arises from a less competitive market. There is no allegation that the YSP paid exceeds the market rate.

In *Schmitz v. Aegis Mortgage Corp.*, 48 F.Supp.2d 877, 884 (D. Minn. 1999), the federal district court granted summary judgment where the plaintiff offered no evidence whatsoever that the YSP paid was unreasonable "in relation to prevailing price structures at the time of the loan transaction." Here, plaintiff does not even allege that the YSP paid to Utah Financial was unreasonable or excessive in light of price structures for similar loans in California.

### B. CONTRARY TO PLAINTIFFS' ARGUMENT "REASONABLE" RELIANCE IS A NECESSARY ELEMENT TO SUPPORT THEIR FRAUD CLAIMS.

Plaintiffs argue that they "are not required at this stage to plead 'reasonable reliance'...". (Opp. Pts. & Author. Pg 8, lines 6-9.) Under California law the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, **justifiable reliance** and resulting damage." (*Gil v. Bank of America, NA* (2006) 138 Cal.App.4th 1371, 1381; emphasis added.) "Reasonable" or "justifiable" reliance is an element to a cause of action for fraud or negligent misrepresentation. Moreover, legal conclusions need not be taken as true merely because they are cast in the form of factual

1  allegations. (*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v.*
2  *Watt*, 643 F.2d 618, 624 (9th Cir. 1981).) Similarly, "conclusory allegations of law and
3  unwarranted inferences are not sufficient to defeat a motion to dismiss." (*Pareto v. FDIC*, 139
4  F.3d 696, 699 (9th Cir. 1998).)

5   While plaintiffs argue that it cannot be inferred from their pleadings that they "read" the
6  loan documents and disclosures they signed, it is indisputable that plaintiffs at least allege
7  that before they signed the loan documents, "Yu noticed the interest rate and payment
8  amounts on the loan documents differed from the rate discussed...." (Compl. ¶ 13.)
9  "Reliance on a misrepresentation is not reasonable when the plaintiff could have, through the
10 exercise of reasonable diligence, ascertained the truth." (*Continental Ins. Co. v. Ultra*
11 *Systems Engineers & Constructors, Inc.*, 1992 U.S. Dist. LEXIS 19187 *12 (N.D. Cal. Nov.
12 16, 1992).) A party's reliance on a representation concerning the terms of an agreement is
13 "unjustified as a matter of law" where "the agreement contradicts any such representation."
14 (*Applied Elastomerics, Inc. v. Z-Man Fishing Prods.*, 2007 U.S. Dist. LEXIS 19211, * 11 (N.D.
15 Cal. Mar. 5, 2007) citing *Bank of the West v. Valley Nat'l Bank*, 41 F.3d 471, 477 (9th Cir.
16 1994) -"the clear and explicit language of the contract prevented justifiable reliance".)

17  In *Hadland v. NN Investors Life Ins. Co.* (1993) 24 CalApp.4th 1578, the Court of
18 Appeal affirmed non-suit on plaintiffs' fraud claim that the insurance broker misrepresented
19 that a new policy would be as good as or better than their old policy because this was
20 patently at odds with the express provisions of the written contract. The appellate court held
21 that the plaintiffs "failed to establish the requisite fraud element of justifiable reliance."
22 (*Hadland*, supra at 1586.) The court noted that there are situations where justifiable reliance
23 "may be decided as a matter of law." (Id.) In the *Hadland* case, the appellate court stated
24 that the plaintiff had a duty to read his policy. (Id.) Any representations by defendant that
25 coverage was good or better "were patently at odds with the express provisions of the written
26 contract." (*Hadland*, supra at 1589.) "Their reliance on representations about what they
27 were getting for their money was unjustified as a matter of law." (*Hadland*, supra at 1589.)
28  Even if plaintiffs are disputing that they actually read their loan documents, it is

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No. C08-01771-RMW    Defendants Utah Financial, Smith and Morrison's Reply re Mot. to Dismiss    Page 4

indisputable that they do allege they "noticed the interest rate and payment amounts on the loan documents differed" from the rates they believed they had discussed with Utah Financial. (Comp. ¶ 13.) Plaintiffs nevertheless signed the loan documents. (Id.) Any alleged misrepresentations regarding the rate of interest could not be "reasonably" relied upon as a matter of law. There is no allegation that the loan disclosure statements and other loan documents provided to them to sign did not set forth the correct terms of the loan.

There are also no allegations that the plaintiffs are exceptionally gullible or could not read or understand English. There are also no allegations that the plaintiffs had insufficient time to review the documents. Plaintiffs cite no authority that there was anything improper in having the loans documents signed before a notary at an escrow office and not before the defendants. While the plaintiffs do not dispute that Rick Yu is a licensed real estate salesperson or that they have been involved in numerous previous loan transactions, they object to the court taking judicial notice of such facts from public entity websites. In reply to these objections, defendants have provided to the court in their Supplemental Request For Judicial Notice the History Certification for plaintiff Rick Yu, executed by Deputy Real Estate Commissioner for the State of California, indicating that within a few months of the subject loan transaction he was a fully licensed real estate salesperson. (See Suppl. Request for Jud. Not. Exh. "A.") Defendants have also provided in their Supplemental Request For Judicial Notice certified copies of various deeds of trust the plaintiffs executed evidencing the numerous secured loan transactions in which they have been involved prior to their loan with Greenpoint Mortgage Funding, including deeds of trust they executed in favor of Wells Fargo Bank, Citibank, Wachovia Mortgage Corporation, Bank of America, VirtualBank, Chase Manhattan Bank and the Municipal Employees Credit Union of San Jose, Inc. (See Suppl. Request for Judicial Notice Exh. "B.")

## II. **CONCLUSION**

Plaintiffs' first, second and third claims for relief alleging fraud and negligent misrepresentation fail to allege any claim for relief. Plaintiffs admit they "noticed" the discrepancies in the interest rate on the written loan documents and signed the loan

documents anyway. Any reassurances plaintiffs allegedly received which contradicted the written loan documents and disclosures could not be "reasonably" or "justifiably" relied upon, as a matter of law.

As to plaintiffs' RESPA and unfair business practices claims, the plaintiffs fail to allege specific facts to establish that the yield spread premiums paid to Utah Financial were unreasonable in light of the total compensation paid to brokers for similar loans of similar characteristics in the community.

Wherefore, defendants Utah Financial, David L. Smith and Wayne Morrison respectfully request that their motion to dismiss be granted or in the alternative that their motion for a more definite statement of the plaintiffs' claims be granted.

Dated: May 28, 2008

Respectfully submitted,

ADLESON, HESS & KELLY, APC

By: /s/ Duane W. Shewaga
PHILLIP M. ADLESON, ESQ.
DUANE W. SHEWAGA, ESQ.
Attorneys for Defendants
Utah Financial, Inc., David L. Smith,
and Wayne Morrison