**United States District Court**
For the Northern District of California

1

2

3

4                                                                      **E-FILED on** ___8/8/2008___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

| | |
|---|---|
| 12  RICK YU and SERLYN YU, | No. C-08-01771 RMW |
| 13            Plaintiff, | |
| 14      v. | ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT |
| 15  UTAH FINANCIAL, INC., et. al., | |
| 16            Defendants. | **[Re Docket No. 3]** |

17

18

19

20         On March 4, 2008 plaintiffs Rick and Serlyn Yu ("the Yus") filed a complaint against several

21  defendants with the Superior Court in Santa Clara pleading five claims: 1) breach of a fiduciary

22  duty; 2) negligent misrepresentation; 3) intentional misrepresentation; 4) violation of the Real Estate

23  Settlement Procedures Act under 12 U.S.C. § 2601 ("RESPA"); and 5) violation of Business and

24  Profession Code § 17200 ("17200").  Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint")

25  removed the case to federal court.  GreenPoint is a defendant only as to the Yus' fourth and fifth

26  causes of action and GreenPoint now moves to dismiss itself as a defendant under Rule 12(b)(6) or

27  alternatively requests a more definite statement pursuant to Rule 12(e).

28

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE
STATEMENT—No. C-08-01771 RMW
NED

**United States District Court**
For the Northern District of California

## I. BACKGROUND

The Yus live in Santa Clara County, California and own two properties related to the present dispute. Compl. ¶¶ 1, 10. The properties are located in San Jose and Gilroy, California and had principle balances of $485,000 and $608,000, respectively. *Id.* ¶ 2. Because the Yus wanted to refinance these two properties, they replied to a mail solicitation sent by defendant Utah Financial, Inc. ("Utah Financial") that advertised a 4.125% fixed interest rate loan. *Id.* Utah Financial is a California corporation and acted as the mortgage broker for the Yus.[1] *Id.* GreenPoint is also a California corporation and acted as the lender for the Yus' refinancing of the two properties. *Id.* ¶¶ 5, 12.

When the Yus responded to Utah Financial's mail solicitation, they were advised that they could not obtain the advertised rate but that GreenPoint could offer the Yus two loans at a 4.49% interest rate fixed for five years. *Id.* ¶¶ 10, 12. The Yus accepted the proposed loans and, per Utah Financial's instructions, signed the GreenPoint loan documents for the Gilroy property on April 16, 2007. *Id.* ¶ 13. Mr. Yu alleges that no GreenPoint or Utah Financial representatives were present at the loan signing. Mr. Yu called Mr. Smith, one of the loan officers with which he had dealt, when he noticed that the terms of the document were different than Mr. Yu had previously been told. *Id.* Mr. Smith reassured Mr. Yu that the interest rate was 4.49% as previously discussed, and Mr. Yu signed the papers. *Id.* Mr. Yu had similar problems with the San Jose property loan documents but Mr. Smith directed him to sign the documents and Mr. Yu did so on April 19, 2007. *Id.* ¶ 14.

After closing, the Yus were surprised to receive a letter from GreenPoint informing them that they had actually entered into two negative amortization loans with interest rates of 8.5%. *Id.* ¶ 16. Mr. Yu also discovered that at closing, Utah Financial received a $1,155 processing fee, a $150

---

[1]    Utah Financial loan officers David Smith and Wayne Morrison primarily handled the Yus' two mortgage refinances. *Id.* ¶¶ 3, 4, 11.

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT—No. C-08-01771 RMW
NED                                                                                  2

**United States District Court**
For the Northern District of California

1   appraisal fee and a yield spread premium ("YSP") for each property.[2]  *Id.* ¶ 17.  The YSP for the

2   Gilroy property was $23,560 and the YSP for the San Jose property was $26,368.  *Id.*

3        After receiving the letter from GreenPoint, Mr. Yu immediately contacted Mr. Smith, who

4   allegedly apologized and agreed to refinance both loans at a more favorable rate.  *Id.* ¶ 19.  After the

5   Yus filled out a new loan application for the lower interest rate, Smith did not refinance the loans.

6   *Id.* ¶ 21.

7        The Yus allege that GreenPoint's YSP payments to Utah Financial constituted a "fee or

8   kickback" in violation of RESPA.  *Id.* ¶¶ 17, 40.  The Yus further allege that because this RESPA

9   violation is "unlawful conduct," GreenPoint is in violation of Bus. & Prof. Code § 17200 as well.

10  *Id.* ¶¶ 45-47. The Yus claim that they suffered financial loss because of interest paid on the loans in

11  the amount of approximately $34,000 and prepayment penalties, which continue to increase as the

12  total principal amount of the loan increases, in the amount of $39,472.85.  *Id.* ¶ 23.

## II.  ANALYSIS

### A.      Motion to Dismiss

15       Dismissal under Fed. R. Civ. P. 12(b)(6) is proper only when a complaint exhibits either a

16  "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

17  theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  To withstand a

18  motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on

19  its face."  *Williams ex rel. Tabiu v. Gerber Prod. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (citing *Bell*

20  *Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  This court will accept as true all material

21  allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v.*

22  *F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

23       GreenPoint moves to dismiss the Yus' complaint by arguing that the complaint provides no

24  factual support that Greenpoint violated RESPA or section 17200.  Mot. at 2.  GreenPoint also states

25

26  [2]       "A yield spread premium, or 'YSP,' is a lump sum paid by a lender to a broker at closing
    when the loan originated by the broker bears an above-par interest rate."  *Schuetz v. Banc One*
    *Mortg. Corp.*, 292 F.3d 1004, 1008-09 (9th Cir. 2002).  If a broker is not paid by the consumer
27  through a direct fee, "the interest rate of the loan is increased to compensate the broker or the fee is
    added to principal.  In any of the compensation methods described, all costs are ultimately paid by
28  the consumer, whether through direct fees or through the interest rate."  *Id.*

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE
STATEMENT—No. C-08-01771 RMW
NED                                                                  3

**United States District Court**
For the Northern District of California

1  that dismissal is proper since "[i]n the fourth and fifth causes of action Plaintiffs confusingly clump

2  all four named defendants into one by using the term 'Defendants.'" *Id.*[3]

3      Specifically, GreenPoint argues that the Yus do not allege facts to support the contention that

4  the YSP was a kickback and therefore violated RESPA. Mot. at 5. RESPA seeks to protect home

5  buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C.

6  § 2601(a). RESPA prohibits kickbacks or fees that are "incident to or part of a real estate settlement

7  service" but does not prohibit compensation for services actually performed or goods actually

8  furnished. *Id.* § 2607(a)-(c).

9      GreenPoint's argument primarily relies on the fact that YSPs are not *per se* illegal under

10 RESPA. *See Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal. App. 4th 1134, 1141 (2003). *Byars*

11 is distinguishable from the present dispute and does not support GreenPoint's contentions. *Byars*

12 was a class action suit alleging that the YSP violated Federal Housing Administration regulations.

13 *Id.* at 1137-38, 1145. The plaintiff in *Byars* argued that "the payment of a YSP by the lender to the

14 mortgage broker for the broker's services results in illegal and excessive fees when the borrower has

15 paid an upfront loan origination fee of 1 percent." *Id.* at 1143. Byars claimed that a payment over

16 the 1% cap on the loan origination fee is a violation of RESPA in and of itself. *Id.* Here, the Yus

17 allege in their complaint that the YSP was a fee or kickback in violation of RESPA because the YSP

18 "bore no reasonable relationship to the value of the resolves actually performed." Compl. ¶ 40.

19 GreenPoint misunderstands the Yus' complaint. The Yus do not allege that the *existence* of a YSP

20 violates RESPA as Byars argued. Instead, the Yus allege that *these* YSPs violate RESPA because

21 they do not correlate to any service that Utah Financial actually performed. *Id.*

22      In order to withstand a motion to dismiss, the Yus must have pled enough facts to state a

23 claim to relief that is plausible on its face. *See Twombly*, 127 S. Ct. at 1974. The Yus' fourth cause

24 of action states sufficient allegations and supporting facts to withstand a motion to dismiss. The

25 Yus' complaint details the loan amounts, the application and signing process with the defendants as

26

27  [3]     It is difficult to understand how GreenPoint was confused with the Yus' complaint or unable
to frame a proper response to the Yus' complaint. Since GreenPoint failed to attend the hearing for
28 this motion, the court was unable to obtain a better understanding of GreenPoint's position.

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE
STATEMENT—No. C-08-01771 RMW
NED                                                                                    4

**United States District Court**
For the Northern District of California

1   well as the processing, appraisal and YSP fees that Utah Financial collected from GreenPoint.

2   Compl. ¶¶

3   10-17.  In addition, the Yus assert that they originally agreed to a 4.49% interest rate but were

4   actually given a negative amortization loan at 8.5%.  *Id.* at ¶¶ 16-18.  This rate increase is significant

5   because a broker receives a YSP when the loan originated by the broker bears an above-par interest

6   rate.  *See Schuetz*, 292 F.3d at 1008-09.  The rate increase supports the Yus allegation that the

7   $16,368.75 and $23,560.00 YSP fees were kickbacks for Utah Financial's role in increasing the

8   interest rate beyond the original 4.49% and not for any services that it rendered.  These allegations

9   amply satisfy Rule 8's requirement for a short and plain statement of the claim.

10          GreenPoint also alleges that the Yus' use of the term "Defendants" in the fourth and fifth

11   causes of action is confusing.  Mot. at 2.  Each cause of action in the complaint names which parties

12   are defendants in that cause of action.  Compl. ¶¶ 24-48.  The first three causes of action do not

13   apply to Greenpoint but the fourth and fifth causes of action say "Against All Defendants" below the

14   title of the claim.  *Id.*  These two claims also incorporate allegations set forth in the foregoing

15   paragraphs of the complaint.  *Id.* ¶ 38.  GreenPoint's contention that it is "impossible to tell which

16   allegations apply to which defendants" is inaccurate.  Each allegation in the complaint names the

17   party who is alleged to have acted.  *Id. passim* ("Smith told Yu that he could not obtain the

18   advertised fixed interest rate . . . but could obtain two loans . . . from GreenPoint."; "Yu received a

19   letter from GreenPoint detailing the loans."; "At closing, Utah Financial received . . . a $16,368.75

20   'yield spread premium'. . . .").  The Yus' complaint alleges that GreenPoint financed two specific

21   loans for the Yus and paid a kickback in violation of RESPA.  The Yus' use of the term "defendants"

22   is not confusing and GreenPoint's argument fails.

23          GreenPoint makes a similar argument regarding the Yus' use of the term "conduct" in the

24   fifth cause of action.  Mot. at 6.  The fifth cause of action alleges violations of Business and

25   Professions Code section 17200 which prohibits unlawful, unfair or fraudulent business acts.  Cal.

26   Bus. & Prof. Code § 17200.  The fifth cause of action incorporates the allegations set forth

27   previously in the complaint, therefore specifying what "conduct" of Greenpoint's is unlawful, unfair

28   or fraudulent. Compl. ¶ 43.  To be clear, with respect to GreenPoint, that "conduct" consists of the

**United States District Court**
For the Northern District of California

1  RESPA violations.  GreenPoint's argument fails since it can easily read the allegations set forth in

2  the complaint to determine what wrongful conduct the Yus are referring to.

3          **B.      Motion for a More Definite Statement**

4          A party may move for a more definite statement when a pleading "is so vague or ambiguous

5  that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  Motions for a more

6  definite statement are only granted when the pleading is "so vague or ambiguous that the opposing

7  party cannot respond, even with a simple denial, in good faith or without prejudice to himself."

8  *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

9          GreenPoint argues in the alternative that the Yus clarify their claim because GreenPoint is

10  otherwise unable to respond to the complaint.  As discussed previously, the Yus' complaint outlined

11  the conduct that constituted GreenPoint's violations of RESPA and section 17200 and why

12  GreenPoint's conduct violated those statutes.  Because GreenPoint can reasonably understand the

13  nature of the Yus' claims and frame a proper response, its motion for a more definite statement is

14  denied.

15                                      **III.  ORDER**

16          For the reasons stated above, the court finds that plaintiff's complaint satisfies Rule 8. Therefore,

17  GreenPoint's motion for dismissal under Rule 12(b)(6) or for a motion for a more definite statement

18  under Rule 12(e) is DENIED.  GreenPoint shall answer the complaint within 20 days of the date of this

19  order.

20

21

22  DATED:        8/7/2008                    *Ronald M Whyte*

                                              RONALD M. WHYTE
23                                            United States District Judge

24

25

26

27

28

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE
STATEMENT—No. C-08-01771 RMW
NED                                        6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Perry J. Woodward       pwoodward@terra-law.com
Mark W. Good            mgood@terr-law.com
Summer J. Martin        smartin@terra-law.com

**Counsel for Defendants:**

Ronald M. Arlas         ron.arlas@greenpoint.com
Edward R. Buell III     ted.buell@greenpoint.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    8/8/2008                                    TSF
                                        **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING DEFENDANT GREENPOINT MORTGAGE'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT—No. C-08-01771 RMW
NED                                                 7