ADLESON, HESS & KELLY, APC
Phillip M. Adleson, Esq. (CSB# 69957)
padleson@ahk-law.com
Duane W. Shewaga, Esq. (CSB# 116837)
dshewaga@ahk-law.com
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250

Attorneys for Defendants
UTAH FINANCIAL, INC.
DAVID L. SMITH
WAYNE MORRISON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| RICK YU and SERLYN YU,<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH FINANCIAL, INC., erroneously sued as a California corporation; GREENPOINT MORTGAGE FUNDING, INC.; DAVID L. SMITH, WAYNE MORRISON, et al.,<br><br>Defendants. | Case No. C 08-01771 RMW<br><br>**APPLICATION FOR ORDER DETERMINING GOOD FAITH OF SETTLEMENT**<br><br>Accompanying Documents: Notice of Application for Order Determining Good Faith of Settlement |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants UTAH FINANCIAL, INC., DAVID L. SMITH, and WAYNE MORRISON hereby apply for an order of this court determining that the settlement agreement entered into between these defendants and plaintiffs RICK YU and SERLYN YU to resolve the plaintiffs' claims alleged against these defendants in the above-entitled action meets the standards for good faith set forth by the California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 213 Cal.Rptr. 256, 698 P.2d 159, and is in good faith within the meaning of Code of Civil Procedure §§ 877 and 877.6 and federal law. The basis, terms

and amount of the settlement are set forth in the parties' written settlement agreement effective August 11, 2008, which is attached as Exhibit A to this Application and incorporated herein by reference.

Dated:  August 25, 2008				ADLESON, HESS & KELLY, APC


						By: ___/s/ Duane W. Shewaga___
						PHILLIP M. ADLESON, ESQ.
						DUANE W. SHEWAGA, ESQ.
						Attorneys for Defendants
						Utah Financial, Inc., David L. Smith,
						and Wayne Morrison

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.ADLESON.COM
©ADLESON, HESS &

Case No.: C 08-01771 RMW    Application for Order Determining Good Faith of Settlement and Order    Page 2

## CERTIFICATION OF SERVICE BY CERTIFIED RETURN RECEIPT MAIL

I, the undersigned, declare as follows:

I am over the age of eighteen years and not a party to the within-entitled action. I am employed in Santa Clara County, California, with the law firm of ADLESON, HESS & KELLY, APC. My business address is 577 Salmar Avenue, Second Floor, Campbell, California, 95008.

On August 25, 2008, I served upon the interested party(ies) in the action the foregoing document described as:

**APPLICATION FOR ORDER DETERMINING GOOD FAITH OF SETTLEMENT**

[X]    By placing _____ the original _X_ true copy(ies) thereof enclosed in sealed envelope(s) addressed to:

| | |
|---|---|
| Mark W. Good, Esq.<br>Summer J. Martin, Esq.<br>TERRA LAW, LLP<br>177 Park Avenue, 3rd Floor<br>San Jose, CA 95113<br>T: (408) 288-1200<br>F: (408) 998-4895 | **For Plaintiffs RICK YU and SERLYN YU** |
| Ron M. Arlas, Esq.<br>Ted Buell, Esq.<br>ARLAS & SMITHTON<br>100 Wood Hollow Drive<br>Novato, CA 94945<br>T: (415) 878-5390<br>F: (415) 878-3595<br>ron.arlas@greenpoint.com<br>ted.buell@greenpoint.com | **For Defendant GREEN POINT MORTGAGE** |

[X]    BY CERTIFIED RETURN RECEIPT MAIL I deposited such envelope(s) with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Campbell, California. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Campbell, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing, pursuant to this affidavit.

[X]    WITH CERTIFICATE OF MAILING A certificate of mailing was obtained from the United States Post Office evidencing the mailing referenced above.

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

C 08-01771 RMW    CERTIFICATE OF SERVICE    PAGE 2

[ ]    BY FEDEX  I caused such envelope(s) to be placed for FedEx collection and delivery at Campbell, California.  I am readily familiar with the firm's practice of collection and processing correspondence for FedEx mailing.  Under that practice it would be deposited with the FedEx office on that same day with instructions for overnight delivery, fully prepaid, at Campbell, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the FedEx delivery date is more than one day after date of deposit with the local FedEx office, pursuant to this affidavit.

[ ]    BY FACSIMILE  I caused the transmission of the foregoing document by facsimile to the offices of the addressee(s), and such transmission was reported as complete and without error.

[ ]    BY PERSONAL SERVICE  I personally served such envelope(s) of the addressee(s) pursuant to CCP § 1011.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 25, 2008, at Campbell, California.

/s/ *Andrea Q. Rodriguez*
ANDREA Q. RODRIGUEZ

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

C 08-01771 RMW    CERTIFICATE OF SERVICE    PAGE 3

EXHIBIT "A"

## COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Utah Financial Inc., a Utah corporation, David L. Smith and Wayne Morrison, of Midvale, Utah, individually and on behalf of their predecessors, successors-in-interest, agents, officers, directors, shareholders, brokers, employees, spouses, heirs, executors, administrators, representatives, agents, and assigns (herein, collectively, "Broker"), and Rick Yu and Serlyn Yu, of Gilroy, California, individually and on behalf of their predecessors, successors-in-interest, heirs, executors, administrators, agents, representatives, and assigns (herein, collectively, "Borrowers"), (both Broker and Borrowers collectively shall be referred to herein as the "Parties") in consideration of the promises made herein, agree as follows:

### NATURE AND EFFECT OF AGREEMENT

1.  This Agreement made effective this 11 day of August, 2008, consists of a compromise settlement by the Parties of the dispute described in paragraph 2 herein, (herein the "Disputed Transaction") and a mutual release between the Parties of all claims between them arising from the Disputed Transaction. Except as herein set forth, by executing this Agreement, each of the Parties intends to and does hereby extinguish their mutual rights and claims, if any they have, arising from their disputes and differences as to the rights, duties and obligations each has, or may have, arising from the Disputed Transaction. THIS AGREEMENT IS NOT, AND SHALL NOT BE TREATED AS, AN ADMISSION OF LIABILITY BY ANY PARTY FOR ANY PURPOSE. This Agreement is a compromise of a disputed claim. Consideration given by any Party shall not be considered an admission of wrongdoing by any Party or of any liability; and no past or present wrongdoing on the part of any Party shall be implied by the giving of any consideration hereunder. Nothing herein shall be construed to be a release by the Parties of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

### NATURE AND STATUS OF DISPUTE

2.  The Disputed Transaction arises from and includes all occurrences, transactions and events arising from or related to: the making, arranging, servicing and/or collection of the Loans evidenced by the $608,000 note dated April 16, 2007 ("Note"), executed by Borrowers in favor of GreenPoint Mortgage Funding, Inc., the $485,000 note dated April 19, 2007, executed by the Borrowers in favor of GreenPoint Mortgage Funding, Inc., the Deeds of Trust evidencing security for these loans both recorded with the Santa Clara County Recorder on April 24, 2007, as instrument numbers 19397311 and 19397315, any Loan documentation, appraisals, fire insurance, title insurance, insurance claims, escrow services, state and/or federal loan and/or borrower disclosures (e.g., truth in lending, R.E.S.P.A., common law), the Yield Spread Premiums paid by GreenPoint Mortgage Funding, Inc. to Broker for these loans, the interest rate and points for the loans, disclosures relating to the secured property (e.g., physical condition, value), payments made on and/or applied to the Notes, loan



servicing and collection of the Notes and Deeds of Trust, the exercising of any remedy relating to the Loans, the Notes, the Deeds of Trust, as well as all other matters or claims, known or unknown, relating to or arising from the loans which are the subject of the lawsuit, and all claims alleged in the complaint, filed in Santa Clara Superior Court Case No. 1-08-CV-107327, which was removed to the U.S. District Court for the Northern District of California, Case No. C08-1771RMW (referred to herein as "the Action").

## COMPROMISE AGREEMENT

3.  (a)  In consideration of the mutual covenants set forth herein, Borrowers hereby compromise and settle any and all past, present, or future Claims for Losses which Borrowers have or which may later accrue to or be acquired by Borrowers against Broker arising from or related to the Disputed Transaction, including but not limited to claims for breach of fiduciary duty, negligent and intentional misrepresentation, violations of the Real Estate Sales Procedure Act (RESPA), unfair business practices and any other claims arising from or related to the Disputed Transaction, and agree that this compromise and settlement shall constitute a bar to all Claims for Losses. Nothing herein shall be construed to be a release by the Parties of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

(b)  In consideration of the mutual covenants set forth herein, Broker hereby compromises and settles any and all past, present, or future claims, actions, demands, obligations, or causes of action (herein, "Claims") for compensatory or punitive damages, injuries, costs, losses, expenses, attorneys' fees or any type of compensation whatsoever, whether herein specified or not, including, but not limited to, any actions for malicious prosecution or abuse of process (herein, collectively, "Losses"), which Broker has or which may later accrue to or be acquired by Broker against Borrowers, arising from or related to the Disputed Transaction, and agrees that this compromise and settlement shall constitute a bar to all Claims for Losses. Nothing herein shall be construed to be a release by the Parties of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

(c)  This settlement is conditioned upon the U.S. District Court for the Northern District of California entering a final order approving of this settlement as being in good faith pursuant to federal good faith settlement procedures. Broker's counsel shall prepare the necessary motion or application, which Borrowers shall join. Within 10 days of finality of an order approving this settlement as being in good faith, Utah Financial, Inc. shall pay Borrowers $20,000.00 through a check made payable to: "Terra Law LLP Trust Account". This settlement is conditioned upon said payment.

(d)  Broker shall produce its loan files regarding the loan which are the subject of the Disputed Transaction, including copies of any e-mails contained therein.

(e)  Within 10 days of receipt of Broker's payment set forth in paragraph 3(c), Borrowers shall stipulate to dismiss Utah Financial, Inc., David L. Smith

and Wayne Morrison with prejudice from the Action (both the federal court action and the related state court action).

    (f)    Broker and Borrowers agree that this compromise and settlement shall constitute a bar to all past, present, and future Claims arising out of or related to the Disputed Transaction. Nothing herein shall be construed to be a release by the Parties of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

## RELEASE AND DISCHARGE

    4.    Except as herein set forth, Borrowers on behalf of themselves and on behalf of their respective past, present and future descendants, heirs, predecessors, successors, assigns, agents, and representatives, and each of them, hereby release and forever discharges Broker, Broker's predecessors and successors in interest, brokers. agents, attorneys, employees, officers, directors, shareholders, insurers, spouses, heirs, executors, administrators and assigns, and each of them (herein collectively called "Broker's Releasees"), from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever (herein "Losses"), whether based on contract, tort, statute, or other legal or equitable theory of recovery, whether known or unknown, which Borrowers, and each of them, have or may acquire in the future, against Broker's Releasees arising out of or in any way related to the Disputed Transaction. Nothing herein shall be construed to be a release by Borrowers of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

    5.    Except as herein set forth, Broker on behalf of themselves and their respective past, present and future employees, brokers, agents, shareholders, officers, directors, descendants, heirs, spouses, predecessors, successors, agents, assigns, attorneys, representatives and each of them, hereby release and forever discharge Borrowers, and Borrowers' predecessors and successors in interest, spouses, heirs, executors, administrators and assigns, and each of them (herein collectively called "Borrowers' Releasees"), from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever (herein "Losses"), whether based on contract, tort, statute, or other legal or equitable theory of recovery, whether known or unknown, which Broker, and each of them, have or may acquire in the future, against Borrowers' Releasees arising out of or in any way related to the Disputed Transaction. Nothing herein shall be construed to be a release by Broker of any claims or rights they may have against GreenPoint Mortgage Funding, Inc.

## UNKNOWN CLAIMS

    6.    (a)    The Parties acknowledge and agree that the mutual release given one to the other upon executing this Agreement applies to all claims for Losses to their person and property, real or personal (whether those Losses are known or unknown,

COMPROMISE SETTLEMENT AND MUTUAL RELEASE

foreseen or unforeseen, or patent or latent) which the Parties may have one against the other arising from the Disputed Transaction and the Parties hereby waive application of California Civil Code Section 1542, which states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

and further waive any similar provision of the statutory or nonstatutory law of any other jurisdiction to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter of this Agreement.

(b)    The Parties understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if a Party should eventually suffer additional Losses arising out of the facts referred to as the Disputed Transaction, the Party will not be able to make any claim for those Losses. Furthermore, the Parties acknowledge that they intend these consequences even as to Claims for Losses that may exist as of the date of this release but which the Parties do not know exist, and which, if known, would materially affect the Parties' decision to execute this release, regardless of whether the Parties' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

### ADVICE OF ATTORNEY

7.    Each Party warrants and represents that in executing this Agreement he/she/it has relied upon legal advice from the attorney of his choice; that the terms of this Agreement have been read and its consequences (including risks, complications, and costs) have been completely explained to him by that attorney; and that he fully understands the terms of this Agreement. The Parties further acknowledge and represent that, in executing this release, they have not relied on any inducements, promises, or representations made by the other Party or any Party representing or serving the other Party.

### CONDITIONS OF EXECUTION

8.    Each Party acknowledges and warrants that his/her/its execution of this release is free and voluntary.

### EXECUTION OF OTHER DOCUMENTS

9.    Each Party to this Agreement shall cooperate fully in the execution of any and all other documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this

Agreement including in connection with seeking the court's approval as this settlement being in good faith.

### ATTORNEYS' FEES AND COSTS

10. Except as herein set forth, each Party to this Agreement shall bear their own costs and attorneys' fees incurred in connection with this Agreement, the matters referred to herein and all related matters. This paragraph shall be applicable to this entire Agreement.

### ENTIRE AGREEMENT

11. This Agreement contains the entire agreement between the Parties.

### EFFECTIVE DATE

12. This Agreement shall become effective as of the effective date stated in paragraph 1 of this Agreement immediately upon execution by the Parties.

### ENFORCEABILITY AND RETENTION OF JURISDICTION

13. Pursuant to federal law, this settlement agreement is enforceable, binding and admissible in a court of law.

14. The United States District Court for the Northern District of California shall retain jurisdiction until all the terms of the settlement agreement have been carried out.

### GOVERNING LAW AND MISCELLANEOUS

15. This Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California.

16. The general rule of construction that a written agreement shall be construed against the drafter thereof shall not apply to this Agreement.

17. Each Party warrants that he/she/it has the authority to enter into this Agreement and that any claim for loss herein released has not been assigned to any third party.

18. Pronouns used herein shall, where the context requires, refer to the masculine, feminine or neuter. The singular shall include the plural, and vice versa.

19. This Agreement may be executed in duplicate counterpart, and each such counterpart together shall constitute one document. The document shall be considered fully executed as of the date last signed.

20. All Parties agree that their attorneys, while being released from all Claims from opposing Parties, are not a Party to this Agreement.

21. Any disputes regarding this matter shall be venued, and jurisdiction shall exist, solely in Santa Clara County, California.

Executed by Broker at Midvale, Utah. Executed by Borrowers at San Jose, California.

THIS IS A FULL AND FINAL RELEASE. READ BEFORE SIGNING.

UTAH FINANCIAL, INC., a Utah Corporation

Dated: August 11, 2008    By: _____
                              Brendon T. Cassity, President

Dated: 8-4, 2008           _____
                           David L. Smith

Dated: August 11, 2008     _____
                           Wayne Morrison

Dated: Aug. 3, 2008        _____
                           Rick Yu

Dated: Aug. 3, 2008        _____
                           Serlyn Yu